507 A.2d 1294

In Re: Tax Claim Bureau of Lehigh County 1981 Upset Tax Sale Properties: Appeal of: Dian K. Hass, Appellant.

Argued February 3, 1986, before Judges ROGERS and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*David A. Scholl,* for appellant.

*John M. Ashcraft,* Assistant County Solicitor, for appellee, Lehigh County.

*William E. Doyle, Donatelli, Doyle & Anewalt,* for appellee/intervenors, Lawrence Marra and Francesca Marra.

OPINION BY SENIOR JUDGE KALISH, April 22, 1986:

Dian K. Hass (owner) and Larry Hass, her husband, owned as tenants by the entireties real estate in Weisenberg Township, Lehigh County. They were delinquent in the payment of 1980 real estate taxes, and the real estate was sold at a tax sale. Owner and her husband are separated and Larry Hass did not join in the objections to the sale. The court of common pleas dismissed owner's objections and held that the tax sale be absolutely confirmed. We affirm.

The trial judge found that on June 22, 1981, the Tax Claim Bureau (Bureau) mailed, by certified mail, notice of the tax sale to owner, but the notice was returned "unclaimed." On August 8, 1981, at 7:05 p.m., August 9, 1981 at 1:20 p.m., and August 11, 1981 at 8:45 a.m.,

the sheriff attempted personal service on owner but failed to accomplish it. The sheriff then posted the original notice of sale on the tract and made a return thereof. On October 2, 1981, the Bureau petitioned the court to be excused from personal service, which the court approved and ordered the Bureau to proceed with the 1981 Upset Tax Sale. The property was sold on October 13, 1981 to one Lawrence Marra, intervenor.

The Real Estate Tax Sale Law (Law), Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §§5860.101-5860.803, includes notice provisions relating to tax sales of real property. At least thirty days before the sale, the Bureau must give notice by publication. Section 602(a) of the Law, 72 P.S. §5860.602(a). Each owner must be notified of the sale by certified mail at least thirty days before the sale. Section 602(e)(1) of the Law, 72 P.S. §5860.602(e)(1). The property must be posted at least ten days prior to the sale. Section 602(e)(3) of the Law, 72 P.S. §5860.602(e)(3). In addition, the owner occupant must be personally notified of the sale at least ten days before the sale; however, this requirement may be waived by the court of common pleas upon petition by the Bureau if service cannot be made within twenty-five days. Section 601(a) of the Law, 72 P.S. §5860.601(a).

The parties stipulated that the publication notice of the sale was done in accordance with the Law. Owner raises the issue that the personal notice and its service, not being strictly in accordance with the Law, did not satisfy procedural due process, and therefore, the court was without jurisdiction to render a decree.

Specifically, owner contends that the sale should be set aside because the Bureau failed to attempt personal service within the twenty-five day period contemplated by the Law, thus depriving her of notice until the day of the sale. Owner focuses on the Law's requirement of *personal notification* to the owner occupant of the sale

at least *ten days before the sale, which requirement may be waived if service cannot be made within twenty-five days*. This provision is admittedly vague and unclear. Owner contends that its obvious intent was a mechanism that would reasonably be calculated to inform the parties, protecting an owner who is temporarily absent so that the notice should be so spaced in the twenty-five day period to accomplish that purpose, and that to attempt service three times within a three day period does not accomplish that purpose.

The Bureau, on the other hand, averred in its petition that the date of first attempted service is more than twenty-five days prior to the presentation of the petition.

Owner further contends that the sale was invalid on grounds of equitable estoppel, and that the failure of the Bureau to notify the mortgagee of the tax sale made it lacking in due process.

The trial court found, and this is supported by substantial evidence in the record, that although owner received no personal service notice nor certified mail notice, owner was aware of the pending sale scheduled for October 13, 1981. The record shows that owner hired a lawyer to represent her at the sale. In fact, her estoppel contention is based on the allegation that an employee of the Bureau had told her lawyer that if a certified check for the delinquency was received, the sale would be stayed.

The deprivation of a property right by adjudication must be preceded by notice and an opportunity to be heard. Otherwise it is a deprivation of property without due process of law. *Grace Building Co. v. Chester County Land Corp.,* 19 Pa. Commonwealth Ct. 269, 339 A.2d 161 (1975). It is the notice which is indispensable to due process. Whatever mechanism is used, it must be reasonably calculated to apprise the interested

parties of the pendency of the action and afford them an opportunity to present their objections. This is why strict compliance is required. *Grace; Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *First Pennsylvania Bank, N.A. v. Lancaster County Tax Claim Bureau*, 504 Pa. 179, 470 A.2d 938 (1983).

But to require strict compliance where, as here, owner had notice, in fact is to exalt form over substance, and ignores the purposes of the requirement.

Whether an estoppel results from established facts is a question for the court. In order to show that statements give rise to an estoppel, they must be clear and reasonably certain in their intendment. The burden is on the party asserting the estoppel to establish it. *Northcraft v. Edward C. Michener Associates, Inc.*, 319 Pa. Superior Ct. 432, 466 A.2d 620 (1983).

The trial court found that the staff of the Bureau did not agree to stay the sale if payment by certified check for the taxes was made on October 14, 1981, the day after the scheduled sale. The trial court further found that the owner and her counsel were not misled. These findings are supported by substantial evidence. The owner has failed to meet her burden.

Notice to the mortgagee was intended for the due process protection of that lienholder. Failure of such notice does not inure to the benefit of the owner. It does not vitiate the sale. Its effect is not to discharge the lien, and the purchaser takes the property subject thereto. *Thomas Tax Sale Petition*, 10 Pa. D. & C. 2d 686 (1957).

ORDER

Now, April 22, 1986, the order of the Court of Common Pleas of Lehigh County, No. 81-C-3585, dated December 7, 1984, is affirmed.