521 A.2d 114

First Pennsylvania Bank, N.A., Appellant *v.* Lancaster County Tax Claim Bureau and Della Becker, Appellees.

Argued November 17, 1986, before Judges MACPHAIL, DOYLE and COLINS, sitting as a panel of three.

*David E. Sandel, Jr., White and Williams,* for appellant.

*Heywood Eric Becker,* for appellee, Della Becker.

OPINION BY JUDGE MACPHAIL, February 20, 1987:

First National Bank, N. A. (Appellant) appeals from an order of the Common Pleas Court of Lancaster County which denied Appellant's motion to enforce the mandate of the Pennsylvania Supreme Court except to the extent that Appellant's mortgage lien on the subject property was reinstated. We affirm.

The procedural history of this case is a long one. We will attempt to present a clear and concise summary of the events leading up to the present appeal.

The case involves a tract of land in Lancaster County which was bought by a Bernard DiSabatino on February 16, 1972. Mr. DiSabatino gave a first mortgage on the property, along with mortgages on other properties,

to Appellant on April 25, 1973 to secure a $1,100,000.00 loan. Mr. DiSabatino was, however, delinquent in paying property taxes on the property at the time he executed the mortgage. On October 19, 1974, the Lancaster County Tax Claim Bureau sold the property at a tax sale to Della Becker (Appellee).

On October 14, 1975, Appellant filed a complaint in equity in the Lancaster County Common Pleas Court seeking to: (a) set aside the tax sale, (b) cancel the deed to the purchaser and (c) reinstate and confirm a first mortgage and a judgment lien, both of which were discharged by the tax sale.

On November 10, 1977, the common pleas court dismissed the complaint.[1] On July 18, 1979, this Court affirmed on the basis of the common pleas court's opinion.[2] On May 19, 1982, the Pennsylvania Supreme Court dismissed an appeal as having been improvidently granted.[3] Appellant took its case to the United States Supreme Court which remanded the case to the Pennsylvania Supreme Court for further consideration in light of *Mennonite Board of Missions v. Adams*, 462 U.S. 791 (1983).[4] The Pennsylvania Supreme Court concluded that under *Mennonite Board of Missions* the notice provision contained in Section 602 of the Real Estate Tax Sale Law (Tax Sale Law), Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §5860.602, "which does not require either personal service or notice by mail to a record mortgagee of an impending tax sale, violates the due process rights conferred on such a mortgagee under the Pennsylvania and United States Constitutions." *First Pennsylvania Bank, N.A. v. Lancaster*

---

[1] Equity Docket No. 16, p. 242, Lancaster County Court of Common Pleas.

[2] 44 Pa. Commonwealth Ct. 301, 404 A.2d 709 (1979).

[3] 498 Pa. 122, 445 A.2d 97 (1982).

[4] 463 U.S. 1201 (1983).

*County Tax Claim Bureau,* 504 Pa. 179, 181, 470 A.2d 938, 939 (1983).

Following this decision, Appellant filed its motion to enforce the mandate of the Pennsylvania Supreme Court, asking for the same relief it had asked for in its original complaint. The common pleas court confirmed and reinstated Appellant's mortgage lien, but it refused to declare the tax sale invalid and refused to order that the deed from the Lancaster County Tax Claim Bureau to Appellee be cancelled and stricken. It is from this order which the Appellant presently appeals.

Our scope of review in equity matters is limited to determining whether the Chancellor's findings are supported by substantial evidence, whether an error of law was committed or whether the Chancellor abused his discretion. *Millstone Enterprises, Inc. v. Department of Environmental Resources,* 101 Pa. Commonwealth Ct. 408, 516 A.2d 814 (1986).

Under the Tax Sale Law, a lien holder has the right to redeem property for the benefit of the owner before a tax sale. Section 501 of the Tax Sale Law, 72 P.S. §5860.501. Further, under the Tax Sale Law as it read at the time of the sale in the case *sub judice,* a lien holder could file objections to a tax sale within 60 days after the common pleas court confirmed the sale by a decree nisi. Section 607 of the Tax Sale Law, 72 P.S. §5860.607.[5] At the time of the tax sale in the case at bar, where no objection to the tax sale was timely made, the sale operated to divest all liens against the property except mortgages recorded prior to the tax liens. Section 609 of the Tax Sale Law, 72 P.S. §5860.609.[6]

---

[5] This section has been amended to require that any objections must be filed within thirty days of the decree nisi.

[6] This section has been amended to preserve all recorded liens after a tax sale.

There is the possibility in this case, then, that if Appellant had had notice of the sale, it could have redeemed the property "for the benefit of the owner." In such a case its mortgage lien would have been preserved. If Appellant knew of the sale it also could have bid on the property at the sale if it desired to do so.

The thrust of Appellant's argument is that the only way it can be restored to the position it had before it was unconstitutionally denied notice of the sale is to not only reinstate its mortgage lien but to also set aside the tax sale. The real question, however, is whether under *Mennonite Board of Missions* and *First Pennsylvania Bank* Appellant has the right to be placed in exactly the same position it held prior to the sale or whether restoring its mortgage lien protects its right sufficiently.

It is clear that the United States Supreme Court's holding in *Mennonite Board of Missions* is based on the principle that constitutional notice by mail or other means as certain to insure actual notice of proceedings which will adversely affect a party's property interests is required under the Due Process Clause of the Fourteenth Amendment. We must be mindful that the interest being protected is a property interest. As the Pennsylvania Supreme Court said in *Hess v. Westerwick*, 366 Pa. 90, 96-7, 76 A.2d 745, 748 (1950):

It is a fundamental provision of both our state and federal constitutions that no person shall be deprived of property except by the law of the land or due process of law. Without due process of law the right of private property cannot be said to exist. As said by Mr. Justice PITNEY in Ochoa v. Hernandezy Morales [sic], 230 U.S. 139, 161 (1912), 'The principle, known to the common law before Magna Charta, was embodied in that Charter (Coke, 2 Inst. 45, 50)

and has been recognized since the Revolution as among the safest foundations of our constitutions. Whatever else may be uncertain about the definition of the term "due process of law" all authorities agree that it inhibits the taking of one man's property and giving it to another, contrary to settled usages and modes of procedure, and *without notice* or an opportunity for a hearing.' (Emphasis in original.)

Appellant, then, had the constitutional right to have notice before its property was taken away. The property in this case is its mortgage lien. It is clear that the common pleas court, by reinstating that lien, has adequately protected and preserved Appellant's property rights. Appellant has no constitutionally-protected right to redeem the real estate from the former owner or to bid on the real estate at a tax sale. Accordingly, the common pleas court did not abuse its discretion or commit an error of law when it refused to set aside the tax sale, and its order must stand.

Our conclusion is supported by both case law and the latest amendment to Section 609 of the Tax Sale Law, 72 P.S. §5860.609.

In this Court's opinion in *In re Tax Claim Bureau of Lehigh County 1981 Upset Tax Sale Properties,* 96 Pa. Commonwealth Ct. 452, 507 A.2d 1294 (1986), it was stated that failure to give notice to a mortgagee of a tax sale "does not vitiate the sale. Its effect is not to discharge the lien, and the purchaser takes the property subject thereto." *Id.* at 456, 507 A.2d at 1297.

Further, presumably as a result of the Pennsylvania Supreme Court's opinion in *First Pennsylvania Bank,* the Legislature amended Section 609 of the Tax Sale Law, 72 P.S. §5860.609 to read:

Every such sale shall convey title to the property under and subject to the lien of every

recorded obligation, claim, lien, estate, mortgage, ground rent and Commonwealth tax lien not included in the upset price with which said property must have or shall become charged or for which it may become liable.

The Legislature did not amend the Tax Sale Act to require notice to mortgagees. It protects their property rights by preserving their mortgage lien, the only "property" they have to preserve. Appellant received the very remedy the Legislature has prescribed, even though the amendment to the Tax Sale Law came too late to directly affect Appellant in this case. We feel that this remedy is adequate.

We must also disagree with Appellant that the Pennsylvania Supreme Court's mandate in *First Pennsylvania Bank* required the common pleas court to set aside the tax sale. The Pennsylvania Supreme Court merely held in this respect that the notice requirements of the Tax Sale Act were constitutionally infirm; it did not prescribe what Appellant's precise remedy should be. As we explained above, we feel that the remedy provided by the common pleas court is adequate to protect Appellant's property rights.[7]

The common pleas court's order is affirmed.

---

[7] We are aware of a case decided by the Pennsylvania Supreme Court after *First Pennsylvania Bank, In re Upset Sale, Tax Claim Bureau of Berks County,* 505 Pa. 327, 479 A.2d 940 (1984). In that case, the Court held that the notice requirement found in the Tax Sale Law violated the due process rights of judgment lien creditors. It also held that the common pleas court was correct in setting aside the tax sale when notice to such creditors was not given. We do not read this case, however, to *require* that a tax sale be set aside if a judgment lien creditor is denied notice. The specific issue raised in the case *sub judice* was not before the trial court or the Supreme Court in the *Berks County* case. We, accordingly, read that case to say that setting aside the tax sale is one of the proper remedies a court may afford to an aggrieved party whose lien was not preserved pursuant to the new requirements of amended Section 609 of the Tax Sale Law, 72 P.S. §5860.609.

ORDER

The order of the Common Pleas Court of Lancaster County denying the motion of First Pennsylvania Bank, N.A. to enforce the mandate of the Pennsylvania Supreme Court except to the extent that First Pennsylvania Bank's mortgage lien is confirmed and reinstated is hereby affirmed.