598 A.2d 1075

**COUNTY OF SCHUYLKILL, REILLY TOWNSHIP and the Minersville Area School District**

v.

**Richard B. RYON, Marcia F. Ryon, Richard F. Ryon et al.**

**Appeal of HAVA, LTD. and Richard B. Ryon, Marcia F. Ryon et al., Appellants.**

**Richard B. RYON, Marcia F. Ryon, Richard F. Ryon et al., Appellants,**

v.

**COUNTY OF SCHUYLKILL, REILLY TOWNSHIP and the Minersville Area School District, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Sept. 9, 1991.

Decided Oct. 29, 1991.

James Wallbillich and Kathleen E. Boyle, for appellants.

Joseph H. Jones, Jr., County Sol., for appellees.

Before CRAIG, President Judge, and PELLEGRINI, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

These appeals are concerned with the validity of a private tax sale of real estate located in Reilly Township, Schuylkill County, Pennsylvania. After first being offered unsuccessfully at public sale, the property was sold pursuant to Section 613 of the Real Estate Tax Sale Law (Law), Act of July 7, 1947, *as amended*, 72 P.S. § 5860.613. Title to the property was conveyed to Ryon Realty Company, Inc.[1] via a deed executed by the Schuylkill County Commissioners and the Director of the Tax Claim Bureau dated September 17, 1981. The county, township and school district wherein the property is situated brought an action in the Court of Common Pleas of Schuylkill County to set aside the deed. In the meantime, Ryon and its successors filed an action to quiet title. The court granted summary judgment for the taxing authorities and against the property owners in both actions. We affirm.

Summary judgment may be granted only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Coleman v. City of Philadelphia*, 131 Pa.Commonwealth Ct. 605, 571 A.2d 528, *petition for allowance of appeal denied*, 526 Pa. 640, 584 A.2d 322 (1990). With this principle in mind we turn to the facts of this case.

The property consists of 1,645.87 acres of coal reserves located in Reilly Township. Originally this property was considered two separate parcels, one of which was offered at public sale on December 14, 1953. No bids equal to or greater than the upset sale price were received and that

---

1. Richard B. Ryon, Marcia F. Ryon and Richard F. Ryon are the successors to Ryon Realty Company, Inc.

portion of the property was returned to the Tax Claim Bureau by order of court dated January 6, 1954. The second parcel was exposed to public sale on December 12, 1955, and since no bids equal to or greater than the upset sale price were received, the property was returned to the Tax Claim Bureau by order dated January 9, 1956.

Additional taxes accrued against the properties for the next twenty-five years and in 1981 the total delinquent taxes equalled approximately $565,650.00. From 1956 to 1981 no attempts to offer the property at public sale were made.

On September 17, 1981, the County Commissioners and the Director of the Tax Claim Bureau executed a deed conveying the property to Ryon in a private sale pursuant to Section 613 of the Law, *as amended*, 72 P.S. § 5860.613. At that time the total accrued delinquent taxes were $565,-650.00 and the purchase price was $34,000.00. All parties concede that no written notice of the proposed sale was given to the taxing authorities prior to the sale as required by Section 613 of the Law.

Ryon paid the agreed purchase price of $34,000.00 and that sum was distributed among the taxing authorities. On August 5, 1982, Ryon leased the realty to Blackwood Anthracite, Inc. (Blackwood). On April 8, 1985, Ryon sold the coal reserves to a depth of five hundred feet to Hava Ltd. (Hava). Hava in turn leased its interest to Blackwood on January 10, 1986.[2]

Taxes were assessed against the parcel for tax years 1982 through 1984 inclusive and were duly paid by Ryon. Taxes for 1985 were paid by Hava. Hava also tendered payment of the 1986 taxes, but the taxing authorities refused payment since by that time this litigation had begun.

The issues raised in this appeal are: 1) whether the failure to give notice of a private sale to the taxing authorities pursuant to Section 613 of the Law renders the convey-

---

**2.** From this point we will use Ryon to refer to all of the Plaintiffs in the action to quiet title or Defendants in the ejectment action.

ance void, or merely voidable; 2) whether the taxing authorities waived their right to object to the sale by failing to do so for more than four years; and 3) whether the court erred by permitting the taxing authorities to amend their petition for damages in the ejectment action.

■ Ryon argues that the failure to give notice to the taxing authorities merely renders the conveyance voidable, rather than void ab initio. We do not agree. The legislative purpose behind the notice provision of Section 613 of the Law is to allow a taxing authority to protect its financial interest. *Supervisors of Branch Township v. Tax Claim Bureau of Schuylkill County,* 18 Pa.Commonwealth Ct. 460, 336 A.2d 475 (1975). Notice is necessary to give the authorities an opportunity to object to a sales price which is inadequate to satisfy the delinquent taxes because this section specifically provides that the sale will be made "free and clear of all tax claims and tax judgments." Section 613 of the Law, *as amended,* 72 P.S. § 5860.613.

In a case in which a tax claim bureau failed to make reasonable efforts to contact the record owner we held it was error for the trial court to uphold the sale. *In re Westmoreland County Tax Claim Bureau,* 110 Pa.Commonwealth Ct. 566, 532 A.2d 1252 (1987), *petition for allowance of appeal denied,* 520 Pa. 584, 549 A.2d 916 (1988). In that case the failure to give notice voided the sale.

Ryon argues that we should follow case law which provides that the failure to give notice to a lien holder makes the sale voidable rather than void. *See e.g. Hass Appeal,* 96 Pa.Commonwealth Ct. 452, 507 A.2d 1294 (1986), *petition for allowance of appeal denied,* 514 Pa. 640, 523 A.2d 346 (1987); *First Pennsylvania Bank, N.A. v. Lancaster County Tax Claim Bureau,* 104 Pa.Commonwealth Ct. 135, 521 A.2d 114 (1987). In *Hass Appeal* we held that the failure to give notice to a mortgagee of a tax sale "does not vitiate the sale. Its effect is not to discharge the lien, and the purchaser takes the property subject thereto." *Id.* 96 Pa.Cmwlth. at 456, 507 A.2d at 1297. In *First Pennsylva-*

*nia Bank,* we also observed that the Legislature amended Section 609 of the Law, *as amended,* 72 P.S. § 5860.609, to explicitly provide that liens which were not included in the upset price were not divested. *See* Section 304 of the law, *as amended,* 72 P.S. § 5860.304, which provides that tax and municipal liens included in the upset price are divested.

We reject Ryon's argument because *Hass Appeal* and *First Pennsylvania Bank* were upset sales under Section 601 of the Law, *as amended,* 72 P.S. § 5860.601. An upset sale differs from a private sale, since in the former only those liens included in the upset price are divested, while in the private sale all tax liens and judgments are divested. The reason for this difference is that the private sale enables the tax claim bureau to raise some money in satisfaction of its liens when no buyers are willing to pay the upset price in satisfaction of *all* liens. Since the private sale under Section 613 of the Law divests all tax liens we hold that the failure of the taxing authorities to object to the sale is likewise without merit. Since the Bureau's failure to give the required notice rendered the sale void from its inception, the delay of the authorities will not operate to cure the defect.

The final issue challenges the trial court's discretion to allow the taxing authorities to amend their ejectment petition to include a claim for damages. The decision whether to allow amendment to pleadings lies within the discretion of the trial judge. *Kenney v. Southeastern Pennsylvania Transportation Authority,* 122 Pa.Commonwealth Ct. 1, 551 A.2d 614 (1988), *petition for allowance of appeal denied,* 525 Pa. 622, 577 A.2d 892 (1990). In exercising that discretion the judge should consider prejudice to the adverse party. *Id.* In this case the trial court did not find any such prejudice and we agree.

As the trial judge noted, the ejectment action already included a request for a full accounting of all coal reserves mined, stockpiled and sold from the premises, and further asked for "other relief as your Honorable Court may deem

just and proper." Since a complete accounting has already been requested we fail to see how the amendment would prejudice Ryon, and we affirm the trial court's decision.

Accordingly, we affirm.

AND NOW, this 29th day of October, 1991, the orders of the Court of Common Pleas of Schuylkill County in the above-captioned matter are hereby affirmed.