637 A.2d 1364

## FIRST EASTERN BANK, N.A.

v.

## The CAMPSTEAD, INC. and Colorado, Inc., and Standard Retail Sales, Inc.

## Appeal of FRONTIER COUNTRY REALTY, INC.

Superior Court of Pennsylvania.

Argued Nov. 8, 1993.

Filed March 1, 1994.

242

Scott A. Ruth, Milford, for appellant.

Jan S. Lokuta, Milford, for Symar Management, participating party.

Before WIEAND, OLSZEWSKI and POPOVICH, JJ.

WIEAND, Judge:

In this appeal we are required to determine the effect of a failure to give notice of a continued sheriff's sale of real estate to a terre tenant. Because the notice requirements of the Rules of Civil Procedure were not complied with, we hold that the sale must be set aside.

On December 13, 1983, Campstead, Inc. executed and delivered to First Eastern Bank a mortgage on 18.71 acres of land in Pike County to secure a loan of seventy-five thousand ($75,000.00) dollars. The mortgage was duly recorded. Campstead subsequently sold 2.457 acres, which First Eastern Bank released from the lien of its mortgage. Thereafter, Campstead conveyed the remaining 16.235 acres to Standard Retail Sales, Inc. This tract was not released from the lien of the mortgage and remained subject thereto. When Standard Retail Sales subsequently sold 11.003 acres, however, this portion was released from the lien of the mortgage. When the mortgage went into default on or about June 15, 1990, only 5.232 acres remained subject to the mortgage, and it was against this tract that mortgage foreclosure proceedings were commenced.

The same tract of 5.232 acres was sold for nonpayment of taxes by the Pike County Tax Claim Bureau; and on November 12, 1990, a deed therefor was executed and delivered to Frontier Country Realty, Inc. (Frontier). The deed was recorded on the following day.

On December 19, 1990, First Eastern Bank issued execution against the tract of 5.232 acres, but the writ failed to name Frontier as a terre tenant. A sale scheduled for February, 1991, was continued, and a continued sale on March 20, 1991, was stayed in response to a petition by Frontier. Following hearing, however, the petition was dismissed by the court on July 22, 1991. A petition to reissue the writ of execution was thereafter filed by First Eastern Bank, and a sheriff's sale was scheduled for December 11, 1991. Although Frontier was still not named as terre tenant, it was given notice by letter

that the sheriff's sale had been scheduled for December 11, 1991. When Al Saggese, an officer of Frontier, appeared at the time of the sale on December 11, however, he learned that the sale had been continued. When he inquired about a later date, he learned that a date certain had not been set. Later, the continued sale was rescheduled for January 29, 1992. Notice of this sale, however, was not given to Frontier. Saggese, according to the uncontradicted testimony, learned of the continued sale on January 28, 1992, and appeared at the time of the sale on January 29, 1992. He did not bid at that time, and the real estate was sold to First Eastern Bank.

On February 27, 1992, Frontier filed exceptions to the sale and also a petition to set aside the sale. On September 11, 1992, First Eastern Bank assigned its interest in the real estate and mortgage to Symar Management, Inc. (Symar), which was substituted for First Eastern as a party to the pending litigation. The trial court subsequently held a hearing; but, on November 20, 1992, the court dismissed Frontier's exceptions and petition to set aside the sheriff's sale. The sole reason given for its decision was that Saggese had been present at the sale on January 29, 1992. Frontier appealed.

Appellee filed a motion to quash Frontier's appeal on grounds that appellant's brief failed to comply with the appellate rules. The deficiencies in appellant's brief, however, are not of a type which would impair appellate review. In the exercise of our discretion, therefore, we will deny appellee's motion to quash the appeal. See, e.g.: *O'Neill v. Checker Motors Corp.*, 389 Pa.Super. 430, 433, 567 A.2d 680, 681–682 (1989). See also: *Thomas v. APSCUF*, 101 Pa.Commw. 174, 176–177, 485 A.2d 903, 904–905 (1985). Contrary to appellee's suggestion, moreover, we have been supplied with transcripts of hearings held in the trial court.

Pa.R.C.P. 3129.1 requires a plaintiff who pursues a writ of execution against real property to file an affidavit setting forth, to the best of the affiant's knowledge or information and belief, the owner or reputed owner of the real

property and every other person who has a record interest in the property. "A terre tenant is '. . . one who purchases and takes land subject to the existing lien of a mortgage or judgment against a former owner.'" *Marra v. Stocker*, 532 Pa. 187, 190 n. 4, 615 A.2d 326, 327 n. 4 (1992), quoting Black's Law Dictionary at p. 1642 (4th ed. 1968). A terre tenant is entitled to receive notice of a sheriff's sale of real estate. Pa.R.C.P. 3129.1 and 3129.2. Frontier was a terre tenant who was entitled to notice of the sheriff's sale in the instant case. Despite its entitlement to notice, the record is clear that First Eastern Bank failed to include Frontier in its affidavit and that throughout most of these proceedings, Frontier was not given the formal notices required by the rules pertaining to sheriff's sales.

▮ Although an officer of Frontier was present at the sale which was scheduled for December 11, 1991, the sale was not held. It was continued indefinitely, and no date certain was then set for the continued sale. By the provisions of Pa. R.C.P. 3129.3, therefore, a new notice of the rescheduled sheriff's sale was required.[1] Such notice, however, was not given to Frontier. The notice, therefore, was defective.

▮ The notice requirements of Pa.R.C.P. 3129.1, 3129.2, and 3129.3 were intended to protect fundamental rights of due process by insuring that persons with an interest in real estate would receive adequate notice before being deprived of their property. Cf. *Meritor Mortgage Corp.—East v. Henderson*, 421 Pa.Super. 339, 342, 617 A.2d 1323, 1325–1326 (1992); *Scott v. Adal Corp.*, 353 Pa.Super. 288, 299–300, 509 A.2d 1279, 1285 (1986), *allocatur denied*, 514 Pa. 643, 523 A.2d 1132 (1987).

---

1. Pa.R.C.P. 3129.3 is as follows:

   **RULE 3129.3   POSTPONEMENT OF SALE.   NEW NOTICE**

   (a) Except as provided by subdivision (b) or special order of court, new notice shall be given as provided by Rule 3129.2 if a sale of real property is stayed, continued, postponed or adjourned.

   (b) If the sale is stayed, continued, postponed or adjourned to a date certain within one hundred days of the scheduled sale, and public announcement thereof, including the new date, is made to the bidders assembled at the time and place originally fixed for the sale, no new notice shall be required, but there may be only one such stay, continuance, postponement or adjournment without new notice.

Because notice is "the most basic requirement of due process, [it] must 'be reasonably calculated to inform interested parties of the pending action, and the information necessary to provide an opportunity to present objections. The form of notice required depends on what is reasonable considering the interests at stake and the burdens of providing notice.' " *Noetzel v. Glasgow, Inc.*, 338 Pa.Super. 458, 469, 487 A.2d 1372, 1377 (1985), citing *Pennsylvania Coal Mining Assoc. v. Insurance Dept.*, 471 Pa. 437, 452–453, 370 A.2d 685, 692–693 (1977). Here, the interest at stake was the potential loss of the title to real estate, and the burden of providing adequate notice was slight.

Appellee argues, however, that appellant cannot complain about the lack of notice because a corporate officer, in fact, was present at the January 29th sale. It relies upon a decision of the Commonwealth Court which, in *In re Tax Claim Bureau of Lehigh County, 1981 Upset Tax Sale*, 96 Pa.Commw. 452, 507 A.2d 1294 (1986), *allocatur denied*, 514 Pa. 640, 523 A.2d 346 (1987), interpreted a similar notice requirement contained in the Real Estate Tax Sale Law.[2] The Court held that a petitioner who had had actual notice of the date and time of a postponed sale was not entitled to have a sale set aside because he had failed to receive the formal notice required by the statute. The Court said:

> The deprivation of a property right by adjudication must be preceded by notice and an opportunity to be heard. Otherwise it is a deprivation of property without due process of law. *Grace Building Co. v. Chester County Land Corp.*, 19 Pa.Commonwealth Ct. 269, 339 A.2d 161 (1975). It is the notice which is indispensable to due process. Whatever mechanism is used, it must be reasonably calculated to apprise the interested parties of the pendency of the action and to afford them the opportunity to present their objections. This is why strict compliance [with the formal notice requirement] is required. *Grace; Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *First Pennsylvania Bank, N.A. v.*

2. 72 Pa.S. § 5860.602.

*Lancaster County Tax Claim Bureau,* 504 Pa. 179, 470 A.2d 938 (1983).

But to require strict compliance where, as here, owner had notice, in fact is to exalt form over substance, and ignores the purposes of the [notice] requirement.

*Id.* at 455–456, 507 A.2d at 1296. See also: *Casaday v. Clearfield County Tax Claim Bureau,* 156 Pa.Commw. 317, 627 A.2d 257 (1993).

■ The fallacy in this reasoning, if followed, is that the uniformity of the rule will be destroyed in favor of any form of notice so long as the person entitled to receive notice actually becomes aware of the sale. However, even if we were to agree that evidence of actual notice may, in some cases, excuse compliance with the formal notice requirements contained in the Rules of Civil Procedure, the circumstances of this case are inadequate to excuse the requirement of notice of a continued sheriff's sale as required by Pa.R.C.P. 3129.3. Here, appellant, at best, learned of the sheriff's sale at the proverbial eleventh hour, so that, as it argues, its ability to protect its interest may well have been impaired.

■ We conclude, therefore, that the trial court erred as a matter of law when it held that the failure to adhere to the notice requirements of Pa.R.C.P. 3129.3 did not render the sheriff's sale defective merely because an officer of the corporate terre tenant appeared and was present at the sale, having learned of it fortuitously on the day preceding the sale.

Appellee's motion to quash is denied. The order of the trial court is reversed, and the case is remanded for the entry of an order setting aside the sheriff's sale and requiring a new sale with notice to all interested parties in accordance with the applicable Rules of Civil Procedure. Jurisdiction is not retained meanwhile.

OLSZEWSKI, J., files a concurring statement.

OLSZEWSKI, Judge, concurring:

I concur with my colleagues that the sheriff's sale must be set aside for lack of proper notice. When the Commonwealth

exercises its sovereign power to extinguish property rights, strict compliance with the notice requirements set forth in our rules of civil procedure is especially important. I am also satisfied that Frontier's actual notice, coming only the day before the sale, was insufficient to allow Frontier to meaningfully participate in the sheriff's sale. To hold otherwise would prejudice Frontier.

When, however, actual notice is ample, and lack of formal notice works no prejudice, we should not demand strict compliance with procedural rules for their own sake. As a general matter, we interpret our rules of civil procedure liberally, "to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable." Pa.R.C.P., Rule 126, 42 Pa.C.S.A. Where appropriate, we may "disregard any error or defect of procedure which does not affect the substantial rights of the parties." *Id.* This approach does not countenance the wholesale derogation of our procedural rules, but does allow us to bend them just a little where the interests of justice demand. I would not surrender this flexibility in favor of a uniform policy of super-strict compliance with procedural rules, when such compliance would only be pointless and burdensome.