## Bertges v. PNC Bank

*Stuart M. Levine,* for plaintiffs.
*Donna M. Donaher,* for defendant, PNC Bank.
*Michael McGreal,* for defendant, Gillas A. Kaib.

FRIEDMAN, *J.,* June 20, 1995—

## INTRODUCTION

One of the central issues in this case is the appropriate remedy to be afforded a lessee of residential property who did not receive written notice of a sheriff's sale held after a judgment in mortgage foreclosure had been entered against the owner of the real estate in question. Such notice appears to be required by Pa.R.C.P. 3129.1(b)(4). Another major issue raised by this case is the time within which a petition to set aside a sheriff's sale must be brought. The instant case was brought 12 to 17 days *after* the delivery of the sheriff's deed and is stated in a new complaint rather than in a petition ancillary to the foreclosure action. The full title given to the plaintiffs' complaint is "complaint in equity and lis pendens to set aside sheriff's sale in the nature of a petition for rule to show cause why sheriff's sale should not be set aside and petition for temporary restraining order."

The alleged lessee, Robert P. Bertges, one of the instant plaintiffs, asserts that he did not have *actual* notice of the foreclosure and sale until the purchaser sought to evict him. Mr. Bertges also asserts that defendant PNC Bank had *constructive* knowledge of his residential lease via a schedule filed in his landlord's bankruptcy case, and so should have sent Mr. Bertges a copy of the notice of sale. It should be noted that neither in the complaint/petition nor during oral argument has plaintiffs' attorney asserted any basis for granting relief to the other plaintiffs, Daniel R. Smith, the defaulting landowner/mortgagor, and Target Financial Services, the prospective buyer allegedly obtained by Mr. Smith. It should also be noted that there does not seem to be a basis for calling Mr. Bertges a terre-tenant. He is a lessee only.[1]

---

1. At one point, his attorney seemed to suggest that, because the lease, which renewed automatically, included an option to pur-

The remedy that *all* plaintiffs seek is the setting aside of the sheriff's sale and a "temporary restraining order" staying "an eviction action" which was directed against both Bertges and Smith so as to prevent defendant Kaib, the purchaser at the sheriff's sale, from forcing Bertges and Smith "to vacate their residences" (Complaint/petition, ¶37) pending the final resolution of the instant matter.

Despite the presence of other plaintiffs, it seems that the only person who could possibly be entitled to any relief would be Mr. Bertges. The other plaintiffs may coincidentally benefit from whatever success Mr. Bertges has in this matter, but their constitutional rights appear to have been adequately protected by the rules of court regarding sheriff's sale proceedings. Certainly, neither Smith nor Target raise anything which suggests otherwise in their motions for reconsideration and for leave to amend. Therefore, this opinion will analyze the only legal issue that has not been finally resolved, the right of Mr. Bertges, a lessee, to have the sheriff's sale of property he leased set aside after delivery of the sheriff's deed.

## PROCEDURAL HISTORY

A. *History of the Prior, Related Foreclosure Action (GD 92-19716,* Pittsburgh National Bank v. Daniel R. Smith and The United States of America)

The sheriff's sale which instant plaintiffs seek to set aside by the instant action was the result of litigation at GD 92-19716. That earlier action was commenced

---

chase, Mr. Bertges would have the same rights of someone who agreed to purchase the rented premises under an agreement of sale. It is believed the argument is no longer being pursued.

by a complaint in mortgage foreclosure filed by Pittsburgh National Bank against Daniel R. Smith and the United States of America on February 8, 1993. A default judgment was entered against Daniel R. Smith on June 15, 1993, and a writ of execution was issued on July 12, 1993.

The attorney for plaintiff bank directed the sheriff to stay the writ of execution on October 25, 1993 because Daniel R. Smith had filed a petition in bankruptcy. The sale was eventually scheduled to take place on February 6, 1995.

On February 3, 1995, Target Financial Services, second mortgage-holder on the property, presented a motion to postpone sheriff's sale, coincidentally, to the undersigned, who was the motions court judge on that date. The motion was denied, the denial was not appealed, and the sale took place as scheduled and the property was sold to Gildas A. Kaib Jr. The sheriff's deed was acknowledged on February 10, 1995. On March 3, 1995, the state transfer tax on the deed was paid, in accordance with Allegheny County custom, by the sheriff's office. The deed was then recorded on March 8, 1995, an action which is customarily taken by the grantee. Therefore, according to the certified copy of the deed, delivery of the sheriff's deed took place no earlier than March 3 and no later than March 8, 1995.

B. *History of the Instant Action (GD 95-4742)*

After delivery of the sheriff's deed to the property in question, the instant action was commenced on March 20, 1995, by the complaint/petition. Defendant Gildas A. Kaib Jr. filed an objection and motion to strike the petition. Argument was held before the undersigned on March 30, 1995, and on that same date the court entered an order sustaining Kaib's objection, with the

exception of his request for attorney fees and costs, which was denied, and dismissing plaintiffs' complaint/petition. On April 10, 1995, plaintiffs filed a motion for reconsideration and motion for leave to amend complaint and accompanying brief, which was denied by order dated May 4, 1995. Plaintiffs had also filed their instant notice of appeal on April 10, 1995.

## FACTUAL ASSUMPTIONS

For purposes of argument, the court has assumed that plaintiff Bertges was in sole possession of one of the parcels in question,[2] and that he had no actual prior notice of the sheriff's sale. The court has also assumed that plaintiff Bertges would have been able to purchase the property at the sale and that he would have been willing to purchase it. If these factual assumptions become critical, then the case should be remanded for a hearing before any relief is granted, as it is believed they would be hotly contested. The court believes they are immaterial to the legal question before it.

## DISCUSSION

The setting aside of a sheriff's sale is governed by Pa.R.C.P. 3132:

"Upon petition of any party in interest *before delivery* of the personal property or of the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances." (emphasis added)

---

2. The complaint is unclear on these points, never pleading that plaintiff Bertges was in possession at all at the time in question, only that he had an uncancelled lease.

This rule, along with case law, suggests that a petition to set aside a sheriff's sale may not be set aside after delivery of the deed, even where a lessee did not have the required notice of the sheriff's sale.

The Pennsylvania Supreme Court has addressed the issue of when a petition to set aside a sheriff's sale must be filed. *Concord-Liberty Savings and Loan Association v. NTC Properties Inc.,* 454 Pa. 472, 312 A.2d 4 (1973). In *Concord-Liberty,* the Supreme Court affirmed the lower court's denial of a petition to set aside a sheriff's sale where the deed was delivered on November 22, 1971 and the petition was filed on January 18, 1972. In doing so, the Supreme Court relied on the above-quoted Pa.R.C.P. 3132, as well as Pa.R.C.P. 3135 and 3136(d), which provide that a dissatisfied party has 10 days from the filing by the sheriff of the schedule of distribution in which to take exception to the sheriff's sale after which the sheriff is to "forthwith deliver the deed to the appropriate officers for recording . . . ." All of these rules are still in effect, unchanged by amendment, and the *Concord-Liberty* case is apparently still good law.

Plaintiff Bertges relies upon Pa.R.C.P. 3129.1 and 3129.2, which were adopted in 1989, well after the *Concord-Liberty* case. Those rules provide that certain parties are to be notified of a sheriff's sale. Among those who are to be notified are: "every other person who has any interest in that property not of record which may be affected by the sale *and of which the plaintiff [i.e., the foreclosing mortgagee, PNC] has knowledge.* " Pa.R.C.P. 3129.1(b)(4). (emphasis added)

Plaintiffs, in their motion for reconsideration, point out that "new" Rules 3129.1, 3129.2, and 3129.3 were enacted as a part of the overall expansion of due process rights in recent decades. However, we are not convinced

that those rules mandate that a sale be *set aside* in every case where the notice provisions have not been complied with. The note to Rule 3129.2 provides that "[t]his rule does not state the effect of a failure to give the required notice." Both the note and the explanatory comment cite the case *In re: Tax Claim Bureau of Lehigh County 1981 Upset Tax Sale Properties: Appeal of Dian K. Hass,* 96 Pa. Commw. 452, 507 A.2d 1294 (1986). In that case, the Commonwealth Court stated that "[n]otice to the mortgagee was intended for the due process protection of that lienholder. *Failure of such notice does not inure to the benefit of the owner. It does not vitiate the sale.* Its effect is not to discharge the lien, and the purchaser takes the property subject thereto." *Id.* at 456, 507 A.2d at 1297. (emphasis added)

Given the fact that Rules 3129.1 through 3129.3 do not specify that a sale should be set aside for lack of notice, and that the comments thereto cite to a case which holds that such sales should *not* be set aside, we cannot read those rules as an implied repeal of the other Rules of Civil Procedure already discussed. If a lessee is deemed entitled to any relief for lack of notice of a sheriff's sale as required by Rules 3129.1 and 3129.2, it seems appropriate to limit such relief to allowing him to remain as a tenant of the new owner until the end of the lease term.

## CONCLUSION

The complaint in the nature of a petition to set aside sheriff's sale was untimely and was therefore properly denied. Even if regarded as timely, setting aside the deed in this case would be an excessive remedy which would inure mainly to the benefit of Mr. Smith, the defaulting mortgagor and former owner, who is entitled to *no* relief. The constitutional rights, if any, of Mr.

Bertges, the lessee, can be adequately protected by permitting him to remain on the leased premises until the term expires. It should also be noted that the complaint/petition does not request this limited form of relief. Furthermore, according to the lease between Mr. Bertges, the lessee, and Mr. Smith, the landowner, that term expires on August 30, 1995, which means even this relief will soon be moot. Setting aside the deed is an unnecessary and extreme form of relief where a lessee (and not a terre-tenant) was not notified of a sheriff's sale. The court properly dismissed the complaint/petition.