IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas Miron, : 
                Appellant : 
       : 
            v. :    No. 290 C.D. 2023
       :    Submitted: February 6, 2024
Delaware County Tax Claim : 
Bureau, Arthur F. Urbany and : 
JAC Properties : 

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT              FILED: April 10, 2024

Thomas Miron (Mortgagee) appeals an order of the Court of Common Pleas of Delaware County (trial court) that denied his petition to set aside a tax sale of property on which he held a mortgage lien. Mortgagee argues that because the Delaware County Tax Claim Bureau (Tax Claim Bureau) did not serve him with advance written notice of the scheduled upset tax sale, the sale should be set aside. Additionally, Mortgagee argues that Arthur F. Urbany (Urbany) and JAC Properties (JAC) lacked standing to participate in the tax sale set aside proceeding Mortgagee initiated. For the reasons to follow, we affirm.

MAC Business Services (MAC) holds a deed to property located at 15 Dougherty Boulevard, Fox Valley Condominium Unit N-3, in Glen Mills, Delaware County, Pennsylvania (Property). MAC executed a mortgage on the Property in favor of Mortgagee, and that mortgage was recorded in the Office of the Recorder of Deeds. Petition ¶¶5-6; Reproduced Record at 7a (R.R.___). When MAC did not

pay its real property taxes, the Tax Claim Bureau exposed the Property to an upset tax sale on September 14, 2017. Petition ¶¶7-8; R.R. 7a. Urbany was the successful bidder, who then assigned his interest in the Property to JAC. Petition ¶¶17-18; R.R. 7a.

On January 9, 2018, the trial court entered a decree of absolute confirmation. Supplemental Reproduced Record at B25[1] (S.R.R. __). Thereafter, on January 29, 2019, the Tax Claim Bureau issued a deed to the Property to JAC. On January 31, 2019, the Tax Claim Bureau sent Mortgagee a letter informing him that the Property was sold and that the Bureau was holding excess funds for him if he still had a mortgage on the Property.

On July 26, 2022, Mortgagee filed a petition to set aside the tax sale and rescind the deed issued to JAC. Mortgagee claimed that as an owner, he was entitled to advance notice of the Property's scheduled tax sale. Petition ¶¶12-14; R.R. 7a. After a hearing, the trial court denied Mortgagee's petition by order of February 7, 2023.

The trial court held that because Mortgagee was not the title owner of the Property, he was not entitled to a certified mail notice under Section 602(e)(1) of the Real Estate Tax Sale Law (Tax Sale Law), Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §5860.602(e)(1). Prior to a tax sale, the Tax Sale Law requires a notice to mortgagees by publication, 72 P.S. §5860.602(d), and the Tax Claim

---

[1] Urbany and JAC's Supplemental Reproduced Record fails to comply with Pennsylvania Rule of Appellate Procedure 2173, PA. R.A.P. 2173, which requires the pages of the supplemental reproduced record to be numbered separately in Arabic figures followed by a small b. Urbany and JAC used a large "B" instead of a small "b" and put the "B" before the record page numbers. However, for consistency of reference, the citations herein are as reflected in the Supplemental Reproduced Record.

Bureau "provided the requisite publication notice" to Mortgagee before the tax sale. Trial Court Op. at 5.

The trial court acknowledged that the Tax Claim Bureau did not satisfy the Tax Sale Law's post-sale notice requirements. Section 205(e) requires that a Mortgagee receive notice, via first class mail, of the petition and rule to confirm distribution. 72 P.S. §5860.205(e). Nevertheless, this failure "does not vitiate the sale." Trial Court Op. at 4 (citing *First Pennsylvania Bank v. Lancaster County Tax Claim Bureau*, 521 A.2d 114, 116-17 (Pa. Cmwlth. 1987)). Further, the upset tax sale did not affect Mortgagee's lien on the Property, which survived the sale.

The trial court rejected Mortgagee's argument that Urbany and JAC did not have standing to participate in his set aside petition. Mortgagee named Urbany and JAC as parties in his petition, and both filed answers. They did not need also to file a petition to intervene.

On appeal,[2] Mortgagee raises two issues.[3] First, he argues that the Tax Claim Bureau failed to comply with the pre-sale notice requirements in the Tax Sale Law by not giving Mortgagee written notice of the pending tax sale. Second, he

---

[2] Our standard of review in tax sale cases is to determine whether the trial court abused its discretion, rendered a decision lacking in evidentiary support, or erred as a matter of law. *Cruder v. Westmoreland County Tax Claim Bureau*, 861 A.2d 411, 414 n.10 (Pa. Cmwlth. 2004).

[3] In his statement of questions involved, Mortgagee raises two additional issues: whether the trial court's decision regarding the September 14, 2017, upset tax sale is supported by substantial evidence; and whether the trial court erred in denying Mortgagee's attempt to pay the back taxes in open court through his redemptive rights under Section 603 of the Tax Sale Law, 72 P.S. §5860.603, after the Tax Claim Bureau admitted it did not provide notice of the sale to Mortgagee. Mortgagee, however, did not adequately develop these issues in his brief; therefore, they are waived. *City of Philadelphia v. Berman*, 863 A.2d 156, 161 n.11 (Pa. Cmwlth. 2004) (holding that the failure to develop an issue in the argument section of the brief constitutes a waiver of the issue); *see also* PA. R.A.P. 2119(a) (requiring that the argument shall be divided into as many parts as there are questions followed by discussion and citation of pertinent authority).

3

argues that the trial court erred in holding that Urbany and JAC had standing to participate because neither Urbany nor JAC filed a petition to intervene.

We begin with a review of the statutory procedures for the conduct of an upset tax sale. Section 602 of the Tax Sale Law requires the tax claim bureau to provide three separate types of notice in advance of an upset tax sale: (1) publication at least 30 days prior to the sale;[4] (2) direct notification to each owner by certified mail at least 30 days prior to the sale; and (3) posting of the property at least 10 days prior to the sale. 72 P.S. §5860.602. If the property listed for upset sale is occupied by the owner, Section 601(a)(3) of the Tax Sale Law also requires the tax claim bureau to effect personal service on the owner by a sheriff. 72 P.S. §5860.601(a)(3).

After a tax sale, the tax claim bureau must give the owner notice of the sale of the property and of the opportunity to challenge that sale. Section 607(a.1)(1) of the Tax Sale Law provides:

> Notice shall be given by the bureau within thirty (30) days of the actual sale to each owner by United States certified mail, restricted delivery, return receipt requested, postage prepaid, to each owner at his last known post office address as determined in section 602(e)(2) that the property was sold and that the owner may file objections or exceptions with the court relating to the regularity and procedures followed during the sale no later than thirty (30) days after the court has made a confirmation nisi of the consolidated return.

72 P.S. §5860.607(a.1)(1). Notice of the tax sale must also be provided to lien creditors. Section 607(b) of the Tax Sale Law states:

> *The bureau shall*, at the expense of the county, within ten (10) days after confirmation nisi of the consolidated return, *publish a*

_____

[4] The published notice "shall be addressed to the 'owners of properties described in this notice and *to all persons having liens*, judgments or municipal or other claims against such properties.'" Section 602(d) of the Tax Sale Law, 72 P.S. §5860.602(d) (emphasis added).

4

*general notice once in a newspaper of general circulation published in the county*, and in the legal journal, if any, designated by rules of court for the publication of legal notices, stating (1) that *the consolidated return of the bureau with respect to any such sale for taxes has been presented to the court*, (2) giving the date of confirmation nisi and (3) that *objections or exceptions thereto may be filed by any* owner or *lien creditor* within thirty (30) days after the court has made a confirmation nisi of the consolidated return or that the return will be confirmed absolutely.

72 P.S. §5860.607(b) (emphasis added).

Finally, Section 205(e) of the Tax Sale Law provides that prior to distribution of moneys collected from the upset tax sale,

the bureau shall petition the court of common pleas for a confirmation of distribution. The petition shall set forth a proposed schedule of distribution for each account and shall request the court to issue a rule to show cause on each distributee why the court should not confirm the distribution as proposed. *The rule to show cause and a copy of the petition shall be served by first class mail upon each distributee and upon the purchaser*, with proof of mailing to the last residence or place of business of the distributee known to the bureau and to the purchaser at the address given to the bureau. If the rule to show cause is not returned by any distributee or purchaser on or before the time set for its return, the court shall forthwith confirm the distribution absolutely. If any distributee or purchaser makes a return of the rule within the time set by the court, the court shall forthwith hear any objections and exceptions to the proposed distribution and thereafter adjust the schedule of distribution as it deems just and equitable according to law and confirm the distribution absolutely as adjusted. An absolute confirmation of distribution by the court shall be final and nonappealable with respect to all distributees listed in the petition.

72 P.S. §5860.205(e) (emphasis added). Distributees include "mortgagees and other lien holders." 72 P.S. §5860.205(d).

5

With this background, we address Mortgagee's arguments *seriately*.

In his first issue, Mortgagee argues that the Tax Claim Bureau failed to comply with the notice requirements of the Tax Sale Law, which deprived him of due process. Mortgagee's brief incorporates by reference his "analysis of the notice requirements of the [Tax Sale Law]" contained in his brief filed before the trial court, in which he contended that he is "the person in whose name the property is last registered" and, thus, meets the definition of "owner" under Section 102 of the Tax Sale Law, 72 P.S. §5860.102. Mortgagee Trial Brief at 9; R.R. 70a. As an owner, he should have received written notice of the upset tax sale at least 30 days before the date of sale.

Urbany and JAC respond that Mortgagee was not the person in whose name the Property was last registered; it was MAC. Simply, Mortgagee was not an "owner" within the meaning of the Tax Sale Law. Had the legislature intended a mortgagee to receive the notice afforded owners, the legislature would have included mortgagees in Section 602(e), just as it did in Section 602(d) of the Tax Sale Law. Mortgagee's complaints about the post-sale distribution procedures cannot invalidate the tax upset sale, as the trial court so held.

Section 602(e)(1) of the Tax Sale Law states:

(e) In addition to such publications, similar notice of the sale shall also be given by the bureau as follows:

> (1) At least thirty (30) days before the date of the sale, by United States certified mail, restricted delivery, return receipt requested, postage prepaid, *to each owner as defined by this act*.

72 P.S. §5860.602(e)(1) (emphasis added). Owner is defined as

> *the person in whose name the property is last registered*, if registered according to law, or, if not registered according to law, the *person whose name last appears as an owner of record on*

6

*any deed or instrument of conveyance* recorded in the county office designated for recording and in all other cases means any person in open, peaceable and notorious possession of the property, as apparent owner or owners thereof, or the reputed owner or owners thereof, in the neighborhood of such property; as to property having been turned over to the bureau under Article VII by any county, "owner" shall mean the county.

Section 102 of the Tax Sale Law, 72 P.S. §5860.102 (emphasis added). At the time of the upset tax sale, the record owner of the Property was MAC, which Mortgagee does not dispute. Hearing Transcript at 5; R.R. 23a (Counsel for Mortgagee confirmed that MAC was the owner of the Property).

Nevertheless, Mortgagee contends that he is the "last registered name" on the Property because the "mortgage was recorded February 2, 2015[,] after MAC's deed was recorded." Petition ¶13; R.R. 7a. Our Court has explained the rights of a mortgagee as follows:

Pennsylvania courts have held that a mortgage is both a conveyance in form as well as security interest. *Pines v. Farrell*, 848 A.2d 94, 100 (Pa. 2004). For purposes of actions involving the recording acts, mortgages are treated as conveyances. *Id.* Pennsylvania courts have held that a mortgage is a conveyance between the mortgagor and the mortgagee so far as is necessary to enforce it as security and *with regard to other parties the mortgagor is the owner of the property and the mortgage merely an encumbrance*. *Warden v. Zanella*, 423 A.2d 1026 (Pa. Super. 1980) [quoting *Eastgate Enters., Inc. v. Bank & Trust Co. of Old York Rd.*, 345 A.2d 279, 281 (Pa. Super. 1975)]. *See also Pines*, 84[8] A.2d at 99–100; Pa. Law Encyclopedia Commercial Transaction §87 (2013).

7

*Mountain Manor Development Company LP v. Monroe County Board of Assessment Appeals* (Pa. Cmwlth., No. 1187 C.D. 2013, filed May 22, 2014) (unreported),[5] slip op. at 8 (emphasis added). Here, at the time of the upset tax sale, MAC was the owner of the Property, and Mortgagee held "an encumbrance." Simply, Mortgagee was not an owner for purposes of the Tax Sale Law.

Because Mortgagee was not the owner of the Property but, rather, a lien creditor, the only notice to which he was entitled in advance of the tax sale was by publication, which the Tax Claim Bureau provided. Trial Court Op. at 5. Post sale, the Tax Claim Bureau published notice of the confirmation nisi, stating, in part, that any lien creditor could file objections or exceptions. Original Record, Item No. 5, Exhibit 2. This complied with the post-sale notice requirements of Section 607(b) of the Tax Sale Law, 72 P.S. §5860.607(b). The Tax Claim Bureau was also required to serve a rule to show cause and a copy of the petition for confirmation of the distribution "by first class mail upon each distributee[,]" which included Mortgagee. Section 205(e) of the Tax Sale Law, 72 P.S. §5860.205(e). The Tax Claim Bureau did not do this. However,

> [f]ailure of such notice [to the mortgagee] does not inure to the benefit of the owner. It does not vitiate the sale. Its effect is not to discharge the lien, and the purchaser takes the property subject thereto.

*In re Tax Claim Bureau of Lehigh County 1981 Upset Tax Sale Properties*, 507 A.2d 1294, 1297 (Pa. Cmwlth. 1986).

In sum, although Mortgagee did not receive notice of the distribution of the upset sale proceeds, his mortgage lien on the Property survived the sale

---

[5] An unreported panel decision of this Court, "issued after January 15, 2008," may be cited "for its persuasive value[.]" Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

pursuant to Section 609 of the Tax Sale Law, 72 P.S. §5860.609.[6] His property rights were not affected by the tax sale.

In his second issue, Mortgagee challenges the participation of Urbany and JAC in his set aside petition proceeding. Mortgagee explains that his petition included the names of the successful bidders, *i.e.*, Urbany and JAC, "not as an intervenor" but only because they would have a right to a refund of their purchase price. He claims Urbany and JAC had to petition to intervene in order to participate in the proceeding before the trial court.

Urbany and JAC respond that they have standing to participate in the proceedings because Mortgagee expressly named them as co-respondents and served them with a copy of the petition. As of January 2019, JAC became the record owner of the Property pursuant to the recorded tax claim deed and, thus, had a substantial, direct, and immediate interest in the outcome of this case.[7]

We have held that "the Tax Sale Law does not require or entitle a successful bidder to notice of an owner's objections to a tax sale." *In re Lehigh County Tax Claim Bureau Upset Sale of September 19, 2018*, 263 A.3d 714, 718 (Pa. Cmwlth. 2021). "Likewise, it is not the responsibility of the owner who files objections under Section 607 of the Tax Sale Law to name the successful bidder as a party or serve him with a copy of the owner's objection petition." *Id.* at 719.

---

[6] Section 609 of the Tax Sale Law states:

> Every such sale shall convey title to the property under and subject to the lien of every recorded obligation, claim, lien, estate, mortgage, ground rent and Commonwealth tax lien not included in the upset price with which said property may have or shall become charged or for which it may become liable.

72 P.S. §5860.609.

[7] Urbany and JAC also argue that Mortgagee lacked standing to challenge the tax sale because he was not adversely affected. Because of our disposition of Mortagee's issues on appeal, we need not address this issue.

9

Usually "successful bidders must petition to intervene in order to be considered parties in an objection proceeding challenging a confirmation *nisi*." *Id*. (quoting *In re 2005 Sale of Real Estate by Clinton County Tax Claim Bureau Delinquent Taxes*, 915 A.2d 719, 723 (Pa. Cmwlth. 2007)). These cases are distinguishable.

The caption of Mortgagee's petition identified the parties as follows:

THOMAS MIRON, Petitioner

v.

TAX CLAIM BUREAU OF
DELAWARE COUNTY, PA and
ARTHUR F. URBANY and
JAC PROPERTIES, Respondents

R.R. 6a. Section 2 of the Judicial Code defines "party" as "[a] person who commences or *against whom relief is sought* in a matter." 42 Pa. C.S. §102 (emphasis added). *See also* PA.R.CIV.P. 1018.[8] (Every pleading must contain a caption setting forth, in part, "the names of all the parties[.]"). Mortgagee named Urbany and JAC as parties; accordingly, they did not need to file a petition to intervene.

In sum, the Tax Claim Bureau was not required to provide Mortgagee, a lien creditor, with direct notice prior to the upset tax sale. Although the Tax Claim Bureau did not provide Mortgagee notice of the confirmation of distribution, this oversight did not invalidate the tax sale because Mortgagee's mortgage interest has survived the sale. Finally, Urbany and JAC were named respondents and, thus, a

---

[8] We recognize that a trial court is not required to use the Pennsylvania Rules of Civil Procedure in tax sale proceedings. However, it is the practice of at least some trial courts to use the Rules of Civil Procedure where appropriate. *See, e.g.*, *Plank v. Monroe County Tax Claim Bureau*, 735 A.2d 178 (Pa. Cmwlth. 1999).

petition to intervene would have been redundant.  For these reasons, we affirm the trial court's order.

_____
MARY HANNAH LEAVITT, President Judge Emerita

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas Miron,                          :
                    Appellant          :
                                       :
            v.                         :        No. 290 C.D. 2023
                                       :
Delaware County Tax Claim              :
Bureau, Arthur F. Urbany and           :
JAC Properties                         :

# **O R D E R**

AND NOW this 10th day of April, 2024, the order of the Court of Common Pleas of Delaware County, dated February 7, 2023, in the above captioned matter, is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge Emerita