Commonwealth *v.* Robinson.

Argued January 11, 1973, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Carmen P. Belefonte,* with him *Garland D. Cherry* and *Kassab, Cherry & Archbold,* for appellant.

*Stuart A. Liner,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, February 26, 1973:

On June 29, 1971, Francis J. Robinson (appellant) was apprehended by an officer of the Radnor Township Police Department for operating a motor vehicle while under the influence of intoxicating liquor, a violation of Section 1037 of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §1037, and, after being so charged, refused to submit to a breathalyzer test as provided in the so-called "Implied Consent Law," Section 624.1(a) of the Code, 75 P.S. §624.1(a). Having received a report of this refusal, the Secretary of Transportation, under Section 624.1(a), suspended appellant's operator's license for six months, effective August 3, 1971. The Court of Common Pleas of Delaware County, after granting a supersedeas on July 28, 1971 (appellant's license was restored August 4, 1971), upheld the Secretary's suspension.

As justification for its decision, the lower court stated the following:

"Briefly stated, the Commonwealth's case showed, by testimony from the arresting officer, that defendant was observed staggering about the parking lot of a country club looking disheveled, that his car was then observed speeding out of the parking lot and chased 200 yards on a public road before being stopped, that

the smell of alcoholic beverage was on defendant's breath, that defendant's manner was abusive, that defendant was placed under arrest for violating §1037 of the Motor Vehicle Code . . ., that he was transported to the police station and requested to submit to a 'Mobat Test' and that defendant refused.

"Though defendant presented testimony and cross-examination to the contrary, the hearing Judge chose to credit the police officer's testimony. In so doing, the Court found that the arrest for the stated violation was proper, that defendant was requested and refused to take a chemical test of his breath. These findings are supported by the evidence presented."

Our duty is to examine the testimony to determine whether the findings of the court are supported by competent evidence, and to correct conclusions of law erroneously made. *Commonwealth v. Buffin,* 2 Pa. Commonwealth Ct. 404, 278 A. 2d 366 (1971); *Commonwealth v. Halteman,* 192 Pa. Superior Ct. 379, 162 A. 2d 251 (1960). The action of the lower court will not be disturbed on appeal except for manifest abuse of discretion. *Yockers v. Department of Transportation,* 4 Pa. Commonwealth Ct. 95, 285 A. 2d 893 (1972); *Commonwealth v. Pison,* 2 Pa. Commonwealth Ct. 522, 279 A. 2d 84 (1971).

Appellant first contends that the arresting officer did not lawfully arrest him, thereby rendering the suspension unlawful. We are directed to Section 624.1(a) which states, *inter alia,* that any breath test is to be administered "at the direction of a police officer having *reasonable grounds* to believe the person to have been driving while under the influence of intoxicating liquor;" and that "if any person is placed under *arrest.* . . ." (Emphasis added.) It is contended that a lawful arrest was not made because the officer did not have reasonable grounds to apprehend the appellant.

As the appellant acknowledges, there was much conflicting testimony as to the circumstances which preceded appellant's arrest. This was resolved in favor of the officer by the hearing judge who was much closer to the demeanor of this action than we. We must conclude after a thorough reading of the record that the hearing judge had ample evidence to decide as he did, and we cannot therefore say that he abused his discretion in this regard.

Appellant secondly contends that his refusal to take the "Mobat" test cannot be used as a basis to suspend his license because he was not advised beforehand of the consequences of his refusal, *i.e.,* that his license might be suspended by the Secretary for a refusal.

We have this day resolved this question in *Commonwealth v. Abraham,* 7 Pa. Commonwealth Ct. 535, 300 A. 2d 831 (1973), where we decided that since Section 624.1(a) does not require that the operator be advised that his license may be suspended for refusal to take the test, and further since operator license suspensions are civil, rather than criminal, matters dealing with the Legislature's plenary power over the public highways, there is no obligation on the part of the police officer to so advise the operator.

Appellant further contends that the testimony reveals that he was never advised of his right to have a "chemical" test but rather was advised only of his right to have a "Mobat" test; that Section 624.1 "provides in unequivocal terms the right to have a chemical test performed, either by the use of chemical analysis of the breath, of the blood or of the urine"; and that "the failure of the police to advise the appellant of the alternatives available to him and allow the appellant to assess the safeguards inherent in each of the alternatives [was] the proximate cause of the appellant's refusal to comply with the statutory provision."

It is evident from a thorough reading of Section 624.1, particularly subsection (a), that normally only one option is open to the operator—whether to undergo a breath test (by whatever name it is called). A blood test is usually given "[i]f for any reason a person is physically unable to supply enough breath to complete a chemical test. . . ." (Appellant does not contend he was so handicapped), Section 624.1 (f), although a physician of the operator's choosing may administer a breath or blood test in addition to the breath test mentioned in Section 624.1 (a). Section 624.1 (g). A urine test is usually administered only by a coroner on a deceased operator's body, Section 624.1 (i), although Section 624.1 (b) seems to indicate that a urine test, since it is admissible in evidence at a summary or criminal proceeding, might be administered to a live person as an alternative to a breath or blood test. Whether appellant should have been advised of the possible alternative of a urine test is immaterial, however, because the statute nowhere demands such advice and, in fact, specifically provides for a breath test, which appellant refused.

We neither consider nor decide whether Section 624.1 is "unconstitutional in that uncontrolled discretion is vested in the Secretary of the Department of Transportation and the arresting officer." It is well settled that a question not raised properly in the court below will not be considered on appeal. *Amalgamated Transit Union, Division 85 v. Port Authority of Allegheny County,* 417 Pa. 299, 307 & n.7, 208 A. 2d 271, 275 & n.7 (1965); *Sojtori v. Zoning Hearing Board and Moyer,* 6 Pa. Commonwealth Ct. 552, 555-56, 296 A. 2d 532, 534-35 (1972). This rule applies even though the question sought to be raised involves a constitutional issue. *Archbishop O'Hara's Appeal,* 389 Pa. 35, 46-7, 131 A. 2d 587, 593 (1957), and cases cited therein.

Affirmed.