## Commonwealth v. Powell

*Harold H. Cramer,* for Commonwealth.
*John B. Schaner,* for appellant.

ZIEGLER, *P. J.,* October 31, 1974—Powell was taken into custody about 7:15 p.m. on June 26, 1973, for operating a motor vehicle while under the influence. Prosecutor did not have probable cause to believe that Powell had operated a motor vehicle while under the influence in his presence. At the station, Powell refused prosecutor's request that Powell submit to a chemical test. At about 9 p.m., Powell was formally charged and arraigned before the issuing authority. It does not appear of record whether or not prosecutor again requested Powell to submit to a chemical test after formal charge and arraignment, but we are inclined to believe that he did not. By notice mailed January 31, 1974, Powell's operating privileges were suspended for a term of one year by reason of his refusal to submit to a chemical test on June 26, 1973. Powell appealed from suspension, contending (1) that there was no refusal to submit to a chemical test; (2) that there was no arrest prior to any such purported refusal, and (3) that there could not have been any valid arrest prior to any such purported refusal.

Contrary to Powell's contention, we have found

as a fact that Powell refused to submit to chemical test. We recognize that there could not have been any valid arrest without body warrant prior to any such purported refusal, since the alleged misdemeanor was not committed in prosecutor's presence: Pa. R. Crim. P. 101. By reason of Powell's third contention, we interpret his second contention to deny a "valid" arrest. However, our Commonwealth Court answered the question raised by the second contention in Commonwealth v. Miles, 8 Pa. Commonwealth Ct. 544, 304 A. 2d 704 (1973). There, the court construed "placed under arrest"* to refer to detention or restraint in fact rather than to lawful detention or restraint.

A distinction between the facts in Miles and here raises another question not isolated by Powell. There, Miles refused to submit to a chemical test following his being taken into custody but before formal charge and arraignment and refused again after formal charge and arraignment. There, the court concluded that the secretary may suspend a person's operator's license when "a person is (1) placed under arrest and (2) charged with the operation of a motor vehicle while under the influence

---

* Section 624.1 of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §624.1, provides, in part: 'If any person is placed under arrest and charged with the operation of a motor vehicle or tractor while under the influence of intoxicating liquor and is thereafter requested to submit to a chemical test and refuses to do so, the test shall not be given but the secretary may suspend his license or permit to operate a motor vehicle or tractor with or without a hearing."

of intoxicating liquors and (3) is requested to submit to a breathalyzer test and (4) refuses to do so." The court did not clarify whether "charged" requires formal charge and arraignment as there was in that case or whether it may be adequately constituted by informal charge, i.e., by being told why the person is taken into custody. In contending that there need be no formal charge, the Secretary cited Commonwealth v. Robinson, 7 Pa. Commonwealth Ct. 521, 300 A. 2d 913 (1973). There, Robinson refused to take a breathalyzer test at the police station following arrest. Although the opinion does not clarify that a refusal followed a formal charge; we cannot be certain that it did not. The Commonwealth also cited Commonwealth v. Passarella, 7 Pa. Commonwealth Ct. 584, 300 A. 2d 844 (1973). Again, the opinion does not indicate unequivocally that Passarella refused to submit to a chemical test after formal charge, but we doubt that he did. Subsequent to Miles, our Commonwealth Court decided Commonwealth v. Clawson, 9 Pa. Commonwealth Ct. 87, 305 A. 2d 732 (1973). It neither cited Miles nor accorded significance to refusal after formal charge. However, counsel for Clawson advised us by telephone that Clawson refused to submit at scene, was formally charged and then refused again. Later still, the court decided Commonwealth v. Drugotch, 9 Pa. Commonwealth Ct. 460, 308 A. 2d 183 (1973), citing Miles but without clarifying whether or not there was a refusal subsequent to formal charge.

Counsel for Drugotch confirmed to us by letter and by furnishing a portion of the transcript of testimony that there was no proof of refusal subsequent to formal charge. Earlier trial court deci-

sions held that the phrase, "placed under arrest and charged," prescribes mere arrest and informal charge: Commonwealth v. Stundstrom, 17 Chester 220 (1969); Commonwealth v. Smith, 13 Lebanon 165 (1971). Since we have discovered no cases preceding nor following Miles which articulated "placed under arrest and charged" as requiring formal charge, we conclude that Miles did not prescribe refusal after formal arrest. Therefore, we shall follow Stundstrom and Smith.

## ORDER

Now, October 31, 1974, appeal is dismissed. Costs shall be paid by appellant (Powell).