Supervisors of Branch Township, Appellant, *v.* Tax Claim Bureau of Schuylkill County and Borough of Minersville, Appellees.

Argued January 7, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., MENCER, ROGERS

and BLATT. Judges KRAMER and WILKINSON, JR. did not participate.

*Isadore E. Krasno,* with him *Krasno & Krasno,* for appellant.

*Charles L. Frank,* for appellee, Tax Claim Bureau.

*James F. Geddes, Jr.,* with him *Ben R. Jones, III,* for appellee, Borough of Minersville.

OPINION BY JUDGE BLATT, April 23, 1975:

On September 25, 1964 the Tax Claim Bureau (Bureau) of Schuylkill County (County) received a letter from the Solicitor of the Borough of Minersville (Borough). The letter indicated that the Borough wished to purchase for $100 a certain tract of land assessed in the name of L. L. Franks and located in Branch Township (Township). The tract had apparently been on the delinquent tax rolls for some time before it was offered for private sale by the County. The price was approved by the Bureau and on February 2, 1965 notice was sent to the Township and to the School District of the Township (School District) describing the property and stating that the Bureau had approved the $100 offer from the Borough. The notice also indicated that if either the

Township or the School District was not satisfied that the sale price was sufficient, it would be required to petition the Court of Common Pleas of Schuylkill County within fifteen days to disapprove the sale. This notice was pursuant to Section 613 of the Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §5860.613 (1974-75 Supp.). On February 15, 1965 the School District petitioned the Court of Common Pleas to disapprove the sale on the basis that $100 was not a sufficient price. No representative of the Township itself made any formal objection within the required fifteen days.

The Borough subsequently raised its offer to $300 and, after a considerable but unexplained delay, the School District withdrew its objection. On August 20, 1971, therefore, the Court of Common Pleas ordered approval of the $300 purchase price.

In the meantime, however, on February 14, 1970, the Township Supervisors had offered $500 to the County for the tract. This offer had been rejected by the County on the basis that the Borough's offer had already been accepted and that the Township had made no timely objection.

On November 8, 1971, after the Court of Common Pleas had approved the $300 sale, the Township Supervisors filed a petition to disapprove the sale, and, after a hearing, the lower court issued an order dismissing the petition on April 22, 1974. An appeal to this Court ensued.

The central issue here is whether or not the Township's failure to make a timely objection to the $100 sale price prevents it from now contesting a $300 sale to the same purchaser. Section 613, 72 P.S. §5860.613 provides:

"(a) At any time after any property has been exposed to public sale and such sale (sic) is not sold because no bid was made equal to the upset price, as hereinbefore provided, and whether or not proceedings are initiated pursuant to sections 610 through

612.1, the bureau may, on its own motion, and shall, on the written instructions of any taxing district having any tax claims or tax judgments against said property, agree to sell the property at private sale, at any price approved by the bureau. Notice of the proposed sale, stating the price and the property proposed to be sold, shall be given to each such taxing district and to the owner of the property. The corporate authorities of any taxing district, having any tax claims or tax judgments against the property which is to be sold or the owner may, if not satisfied that the sale price approved by the bureau is sufficient, within fifteen (15) days after notice of the proposed sale, petition the court of common pleas of the county to disapprove the sale. The court shall, in such case, after notice to each such taxing district, the owner, the bureau and the purchaser, hear all interested parties. After such hearing, the court may either confirm or disapprove the sale as to it appears just and proper. If the sale is disapproved, the court shall at the same time fix a price below which such property shall not be sold."

The express purpose for giving notice of the proposed sale to taxing districts which have tax claims or tax judgments against the property is to allow them to protect their financial interest in seeing to it that a sufficient price is received for the property. It would be incongruous to hold that the Township has forsaken any opportunity to oppose a $100 sale and yet at the same time may oppose a $300 sale of the same property to the same purchaser. Of course, if the sale price were somehow lowered after original notice was sent to the interested taxing authorities, another notice would have to be sent to them informing them of the new price. But where a taxing authority does not make a timely objection to an original sale price, it will not later be heard to object to terms which are even more advantageous.

The Bureau, therefore, had no duty to renotify the Township of the $300 price nor was the Court of Common Pleas required to hear the Township before approving the sale. Having failed to object within fifteen days of the original notice, the Township was no longer an "interested party" within the meaning of the statute.

The Township attempts to make much of the fact that the Borough's original offer described the property as "containing 65.81 acres, more or less," whereas it actually contained 70.274 acres. The property was accurately described, however, in the notice sent by the Bureau to the taxing authorities, so the Township cannot be excused from its failure to object on the basis of any error in the original offer. Likewise, we attach no significance to the statement in the Borough's original offer that the purchased property would be used for recreational purposes. This condition was not contained in the notice sent to the taxing authorities. Moreover, the Township's interest in disapproving the sale was a financial one in its role as a taxing authority. We fail to see how, in that capacity, it could object to whatever use the purchaser planned to make of the property.

The Township's other contentions were not raised below and so we cannot consider them on appeal. *Commonwealth v. Robinson,* 7 Pa. Commonwealth Ct. 521, 300 A.2d 913 (1973).

Holding as we do, we need not consider, as the lower court did, whether or not the Township itself had the authority to submit an offer to purchase the real estate.

The order of the lower court is, therefore, affirmed.