**James ZEEMER, Appellant,**

v.

**WASHINGTON COUNTY TAX CLAIM BUREAU.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 28, 2003.
Decided April 29, 2003.
Reconsideration Denied July 7, 2003.

James Zeemer, appellant, pro se.

Lane M. Turturice, Washington, for appellee.

BEFORE: COLINS, President Judge, FRIEDMAN, Judge, and FLAHERTY, Senior Judge.

OPINION BY President Judge COLINS.

James Zeemer petitions for review of the order of the Court of Common Pleas of

Washington County denying his petition to disapprove the private sale of the real property located at 620 Lemoyne Avenue, Washington, Pennsylvania,[1] for delinquent taxes.

The record indicates that the property in question was owned by the estate of Violet Zeemer, to which all tax bills were sent. No taxes had been paid on the property for over 20 years, and for the years 1981 through 2001, the amount of delinquent taxes grew to almost $80,000. James Zeemer, son of Violet Zeemer, resided at the Lemoyne Avenue property, but at no time did he hold title to the property. The property was the estate's only asset of value, and given the large amount of delinquent taxes compared to the property's value, the estate decided to let the property be sold for the delinquent taxes. The property received no bids at a September 1999 tax upset sale, which James Zeemer attended. After the upset sale, as a courtesy, the tax claim bureau sent Zeemer a letter informing him that the property was not sold and that after January 2000, the tax claim bureau would accept private bids for the property. Once a private bid was received, again as a courtesy, the bureau sent Zeemer a notice that he could redeem the property by paying the taxes in full within 30 days.

The plans for the private sale proceeded with the filing of the petition and notice to the interested parties. The private sale was scheduled for December 4, 2001, the last day for filing a petition to disapprove the sale, with a rule returnable on December 17, 2001. Zeemer filed objections to the private sale. Although the tax claim bureau typically does not permit the owner or reputed owner of a property to participate in a private sale, in this case it offered Zeemer the opportunity to purchase the property for the full amount of taxes owing and received no response.

At the hearing before the court of common pleas on his objections to the private sale, Zeemer admitted that he was not the record owner of the property and produced no evidence to refute the tax claim bureau's evidence that it complied with the statutory notice requirements for the private sale. Based on the evidence, the trial court found that the tax claim bureau complied with all statutory notice requirements and that the estate of Violet Zeemer, record owner of the property, consciously and voluntarily permitted the property to be exposed for tax sale. It further found that James Zeemer was in no way aggrieved by the actions of the tax claim bureau and had actual notice of the upset sale and private sale. It rejected Zeemer's unsubstantiated allegations as to procedural defects surrounding the 1999 upset sale, at which the property received no bids, as a basis for invalidating the private sale. The court dismissed Zeemer's objections to the private sale as frivolous.

■ In his resubmitted statement of matters complained of on appeal, Zeemer's only substantive objection raises the tax claim bureau's failure to comply with the statutory notice requirements pertaining to the 1999 upset sale. His other objections raise unsubstantiated allegations as to the trial judge's predisposition against him and the impossibility of his having a fair hearing in Washington County. In his brief he also objects to the trial court's evidentiary rulings. Our review of a trial court's confirmation of a proposed private sale is limited to determining whether the trial court committed an error of law or abused its discretion. *Getson v. Somerset County Tax Claim Bureau*, 696 A.2d 903

1. Tax Parcel No. 290–013–00–03–0005–00.

(Pa.Cmwlth.1997), *petition for allowance of appeal denied,* 553 Pa. 684, 717 A.2d 535 (1998).

Pursuant to Section 613(a) of the Real Estate Tax Sale Law (Tax Sale Law),[2] 72 P.S. § 5860.613(a), when a property has been exposed to public sale and does not sell because no bid was equal to the upset price, the property may be sold at a private sale at a price approved by the tax claim bureau. The law imposes a series of notification requirements, including notice by publication and written notice to the applicable taxing authorities, record owner, and other interested parties. *Id.* A person interested in purchasing the property may, if not satisfied that the sale price approved by the bureau is sufficient, within 45 days after notice of the proposed sale, petition the court of common pleas to disapprove the sale. *Id.* After a hearing, the court may either confirm or disapprove the sale, and if it disapproves the sale, the court must set a minimum price below which the property may not be sold. *Id.*

■ Section 613 of the Tax Sale Law, which governs the private sale of property for delinquent taxes, permits objections only as to the private sale notice requirements and to the sufficiency of the sale price. *Id.* The purpose of the notice requirements is to permit the taxing authorities, record owner, and other interested parties to protect their financial interests by making sure that the sale price is sufficient. *Supervisors of Branch Township v. Tax Claim Bureau of Schuylkill County,* 18 Pa.Cmwlth. 460, 336 A.2d 475 (1975). Under Section 613(a), interested parties have the right to challenge only the sufficiency of the sale price and the tax claim bureau's compliance with the private sale notice requirements. *Getson; County of Schuylkill, Reilly Township v. Ryon,* 143 Pa.Cmwlth. 285, 598 A.2d 1075 (1991), *petition for allowance of appeal denied,* 530 Pa. 662, 609 A.2d 169 (1992). That rule applies even to the record owner of the property, and even when the owner offers to pay all delinquent taxes and penalties. *Id.*

■ In the present case, Zeemer presented no objection to the sufficiency of the private sale price and did not allege any noncompliance with the private sale notice requirements.[3] Our review of the transcript convinces us that Zeemer's claims that the trial judge was biased against him and that he was denied a fair hearing are baseless. Zeemer had the opportunity to present relevant evidence in support of his petition and to cross-examine the tax claim bureau's witnesses. The judge's rulings evidence no bias. Based on the evidence, the trial court properly dismissed Zeemer's objections as frivolous and confirmed the sale.

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 29th day of April 2003, the order of the Court of Common Pleas of Washington County in the above-captioned matter is affirmed.

---

2. Act of July 7, 1947, P.L. 1368, *as amended.*

3. The trial judge sustained hearsay and relevancy objections to all of the documentary evidence that Zeemer sought to introduce. Because none of this evidence pertained to the sufficiency of the sale price or the tax claim bureau's compliance with the statutory notice requirements of Section 613(a), we need not address the issue of the trial judge's evidentiary rulings.