IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Felicia Franco Severino,
                      Appellant

                v.

J.P. Holdings, LLC and
Schuylkill County Tax          : No. 889 C.D. 2022
Claim Bureau                   : Submitted: September 11, 2023

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE ELLEN CEISLER, Judge

OPINION BY
JUDGE COVEY                                FILED: October 6, 2023

Felicia Franco Severino (Appellant) appeals from the Schuylkill County (County) Common Pleas Court's (trial court) July 20, 2022 order denying and dismissing Appellant's Petition to Set Aside Private Tax Sale *Nunc Pro Tunc* (Petition). Appellant presents three issues for this Court's review: (1) whether the County Tax Claim Bureau (Bureau) was required to give Appellant notice of the proposed private tax sale; (2) whether Appellant was prejudiced because she cannot read or speak English, and all of the relevant writings in this case were only in English; and (3) whether the trial court should have granted the Petition. After review, this Court affirms.

On September 2, 2020, Appellant purchased the property located at 127 Coal Street, Cumbola, Schuylkill County, Pennsylvania (Property), from Carlos Valdez Cabral for $38,000.00.[1] Appellant was to be responsible for approximately

---

[1] The deed was dated September 2, 2020, but it was not recorded until October 1, 2020. *See* Reproduced Record (R.R.) at 9. The page numbers of Appellant's Reproduced Record do not

$7,000.00 in unpaid taxes on the Property.[2]  On September 28, 2020, the Property was exposed to an upset tax sale.  *See* Reproduced Record (R.R.) at 9.  Thereafter, because it was not sold at the upset tax sale, the Property was exposed to a private tax sale.  On March 17, 2021, J.P. Holdings, LLC (J.P. Holdings) purchased the Property pursuant to a Private Sale Agreement for $1,864.00.  *See* R.R. at 12, 90. On August 25, 2021, J.P. Holdings recorded the Property's deed with the County Recorder of Deeds' Office.

On November 23, 2021, Appellant filed the Petition in the trial court, which conducted hearings on May 9 and June 3, 2022.  At the May 9, 2022 hearing, the Bureau presented testimony and documentary evidence that a Notice of Private Sale was served upon the applicable taxing districts and Appellant at her last known mailing address via certified mail.  *See* R.R. at 13-14, 96.  The Bureau submitted into evidence a copy of the certified mail card (green return receipt card) that was returned from Appellant's last known mailing address.  *See* R.R. at 97.  The green return receipt card contained a signature that Appellant denied was hers.  In addition, the Bureau submitted an Affidavit of Publication and Notice for *The Republican Herald* newspaper and the *Schuylkill Legal Record*, which reflected that notice of the private tax sale was published on May 6 and May 20, 2021, in the newspaper and a legal journal.  *See* R.R. at 19, 105-108.

---

include the small "a" required by Pennsylvania Rule of Appellate Procedure 2173, Pa.R.A.P. 2173 ("[T]he pages of . . . the reproduced record . . . shall be numbered separately in Arabic figures . . . thus, 1, 2, 3, etc., followed . . . by a small a, thus 1a, 2a, 3a, etc.").  For consistency of reference, the citations used are as reflected in the Reproduced Record.

Although Appellant testified that she paid $38,000.00 for the Property, *see* R.R. at 56, the Property's deed reflects that she only paid $1,000.00.  *See* R.R. at 120.

[2] On August 18, 2021, Appellant received and paid a tax bill from the Saint Clair School District in the amount of $691.41.

On July 20, 2022, the trial court denied and dismissed Appellant's Petition. Appellant appealed to this Court.[3] On November 17, 2022, the trial court directed Appellant to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement). Appellant timely filed her Rule 1925(b) Statement. On December 12, 2022, in lieu of submitting an opinion pursuant to Rule 1925(a), the trial court submitted its July 20, 2022 opinion and order.

Initially, Section 602 of the Real Estate Tax Sale Law (RETSL)[4] provides, in relevant part:

> (a) At least thirty (30) days prior to **any scheduled sale** the [B]ureau shall give notice thereof, not less than once in two (2) newspapers of general circulation in the county, if so many are published therein, and once in the legal journal, if any, designated by the court for the publication of legal notices. Such notice shall set forth (1) the purposes of such sale, (2) the time of such sale, (3) the place of such sale, (4) the terms of the sale including the approximate upset price, [and] (5) the descriptions of the properties to be sold as stated in the claims entered and the name of the owner.
>
> . . . .
>
> (e) In addition to such publications, similar notice of the sale shall also be given by the [B]ureau as follows:
>
> > (1) At least thirty (30) days before the date of the sale, by United States certified mail, restricted delivery, return receipt requested, postage prepaid, to each owner as defined by [the RETSL].

---

[3] "Our scope of review in tax sale cases is limited to determining whether [the trial court] abused its discretion, rendered a decision with a lack of supporting evidence, or clearly erred as a matter of law." *In re Sale of Real Est. by Lackawanna Cnty. Tax Claim Bureau*, 255 A.3d 619, 625 n.5 (Pa. Cmwlth. 2021) (quoting *Plank v. Monroe Cnty. Tax Claim Bureau*, 735 A.2d 178, 181 n.6 (Pa. Cmwlth. 1999)).

[4] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101 - 5860.803.

(2) If return receipt is not received from each owner pursuant to the provisions of clause (1), then, at least ten (10) days before the date of the sale, similar notice of the sale shall be given to each owner who failed to acknowledge the first notice by United States first[-]class mail, proof of mailing, at his last known post office address by virtue of the knowledge and information possessed by the [B]ureau, by the tax collector for the taxing district making the return[,] and by the county office responsible for assessments and revisions of taxes. It shall be the duty of the [B]ureau to determine the last post office address known to said collector and county assessment office.

(3) Each property scheduled for sale shall be posted at least ten (10) days prior to the sale.

(f) The published notice, the mail notice[,] and the posted notice shall each state that the sale of any property may, at the option of the [B]ureau, be stayed if the owner thereof or any lien creditor of the owner on or before the actual sale enters into an agreement with the [B]ureau to pay the taxes in instalments, in the manner provided by [the RETSL].

72 P.S. § 5860.602 (emphasis added).

This Court has explained:

In all tax sale cases, the tax claim bureau "has the burden of proving compliance with the statutory notice provisions." *Krawec v. Carbon* [*Cnty.*] *Tax Claim Bureau*, 842 A.2d 520, 523 (Pa. Cmwlth. 2004). Section 602 [of the RETSL] requires three different forms of notice to property owners prior to an upset tax sale: publication, posting, and mail. "If any of the three types of notice is defective, the tax sale is void." *Gladstone v. Fed*[.] *Nat*[*'l*] *Mortg*[.] *Ass*[*'n*], 819 A.2d 171, 173 (Pa. Cmwlth. 2003). Notwithstanding our mandate to strictly construe the notice provisions of the [RETSL], the notice requirements of Section 602 of the [RETSL] are not an end in themselves, but are rather intended to ensure a property owner receives actual notice that his or her property is about to be sold due to a tax delinquency. *Donofrio* [*v.*

4

*Northampton Cnty. Tax Claim Bureau*], 811 A.2d [1120,] 1122 [(Pa. Cmwlth. 2002)]. However, **strict compliance with the notice requirements of Section 602 [of the RETSL] is not required when the Bureau proves that a property owner received actual notice of a pending tax sale**. *Sabbeth v. Tax Claim Bureau of Fulton* [*Cnty.*], 714 A.2d 514, 517 (Pa. Cmwlth. 1998).

*In re Consolidated Reports & Return by Tax Claims Bureau of Northumberland Cnty. of Props.*, 132 A.3d 637, 644-45 (Pa. Cmwlth. 2016) (emphasis added).

Appellant first argues that the Bureau did not give Appellant the required notice of the proposed private tax sale.[5] Section 613(a) of the RETSL provides, in relevant part:

> **At any time after any property has been exposed to public sale** and such property was not sold because no bid was made equal to the upset price, as hereinbefore provided, and whether or not proceedings are initiated pursuant to [S]ections 610 through 612.1, [72 P.S. §§ 5860.610 - 5860.612.1 (relating to judicial sales),] the [B]ureau may, on its own motion, and shall, on the written instructions of any taxing district having any tax claims or tax judgments against said property, agree to sell the property at private sale, at any price approved by the [B]ureau. **Notice of the proposed sale**, **stating the price and the property proposed to be sold**, **shall be given to each such taxing district and to the owner of the property**. **Notice shall also be given by publication at least two (2) times, with approximately ten (10) days intervening between each publication, in at least one (1) newspaper of general circulation published in the**

---

[5] Appellant also argues that the **previous owner** did not receive notice of the upset tax sale. However, the trial court sustained the Bureau's objection to any evidence thereof because it was irrelevant to the issue before the trial court - whether **Appellant** received notice of the private tax sale. This Court agrees with the trial court and will not address this issue. *See Zeemer v. Wash. Cnty. Tax Claim Bureau*, 825 A.2d 716, 718 n.3 (Pa. Cmwlth. 2003) ("The trial [court] judge sustained hearsay and relevancy objections to all of the documentary evidence that Zeemer sought to introduce. Because none of this evidence pertained to the sufficiency of the sale price or the tax claim bureau's compliance with the statutory notice requirements of Section 613(a) [of the RETSL, 72 P.S. § 5860.613(a)], we need not address the issue of the trial judge's evidentiary rulings.").

**county where the property is located and in the official legal journal of that county**. The notice by publication shall set forth the location of the property, the date and place of sale, the price and terms of sale, and the provision that the property will be sold free and clear of all tax claims and tax judgments.

72 P.S. § 5860.613(a) (emphasis added).

This Court has explained:

Section 613 of the [RETSL], which governs the private sale of property for delinquent taxes, permits objections only as to the private sale notice requirements and to the sufficiency of the sale price. The purpose of the notice requirements is to permit the taxing authorities, record owner, and other interested parties to protect their financial interests by making sure that the sale price is sufficient. **Under Section 613(a) [of the RETSL], interested parties have the right to challenge only the sufficiency of the sale price and the tax claim bureau's compliance with the private sale notice requirements**. That rule applies even to the record owner of the property, and even when the owner offers to pay all delinquent taxes and penalties.

*Zeemer v. Wash. Cnty. Tax Claim Bureau*, 825 A.2d 716, 718 (Pa. Cmwlth. 2003) (emphasis added; citations omitted).

At the hearing, the Bureau presented the Bureau's assistant director Debra Dash (Dash), who testified that the Notice of Private Sale was sent to Appellant by certified mail, return receipt requested, and the post office returned the green return receipt card to the Bureau with a signature on it. *See* R.R. at 15; *see also* R.R. at 98. The Bureau offered, and the trial court accepted, the green return receipt card into evidence. *See* R.R. at 47, 97. Appellant testified that she never saw the green return receipt card and the signature on it was not hers. *See* R.R. at 62-63. However, the trial court did not credit Appellant's testimony, and determined that it was Appellant's signature on the green return receipt card.

6

Dash also described that the Bureau complied with the publication requirement by publishing the Notice of Private Sale in *The Republican Herald* newspaper and the *Schuylkill Legal Record*.  *See* R.R. at 19.  Dash presented

> Proof of publication for [*T*]*he Republican Herald* stating it was advertised on May 16th and May 20th of 2021[,] [a]nd . . . proof of publication affidavit for the *Schuylkill Legal Record*[,] which also verifies it was published on May 6th and May 20th of 2021.  And copies of those advertisements . . . .

R.R. at 19 (italics added); *see also* R.R. at 105-108.  The proof of publication was entered and accepted into evidence.  *See* R.R. at 47.  Appellant testified that she did not see the Notice of Private Sale published in either publication.  *See* R.R. at 65.

The law is well established that "[t]he trial court is the finder of fact and 'has exclusive authority to weigh the evidence, make credibility determinations and draw reasonable inferences from the evidence presented.'"  *In re Monroe Cnty. Tax Claim Bureau*, 91 A.3d 265, 269 n.6 (Pa. Cmwlth. 2014) (quoting *In re: Sale of Real Est. by Lackawanna Cnty. Tax Claim Bureau (Appeal of Yankowski)*, 986 A.2d 213, 216 (Pa. Cmwlth. 2009)).  Further,

> the tax claim bureau must only show that it *sent* all required notices to the property owner or owners, *not that the owner or owners actually received the notice of tax sale*.  [*See* Section 602(h) of the RETSL,] 72 P.S. § 5860.602(h); [*In re*] *Upset Tax Sale Held 11/10/[19]97*, 784 A.2d [834,] 837 [(Pa. Cmwlth. 2002)].  Section 602(h) of the [RETSL] provides that "[n]o sale shall be defeated and no title to property sold shall be invalidated because of proof that mail notice as herein required was not received by the owner, provided such notice was given as prescribed by this section."  72 P.S. § 5860.602(h).

*FS Partners v. York Cnty. Tax Claim Bureau*, 132 A.3d 577, 581-82 (Pa. Cmwlth. 2016).  Accordingly, because the Bureau sent the required Notice of Private Sale to

Appellant, and published the Notice of Private Sale in the newspaper and a legal journal, the Bureau fully complied with Section 613 of the RETSL.[6]

Appellant next argues that she was prejudiced because she cannot read or speak English, and all of the relevant writings in this case were only in English. Appellant cites the County Courts' Language Access Plan (LAP) and *Commonwealth v. Carmenates*, 266 A.3d 1117 (Pa. Super. 2021), to support her position. The Bureau and J.P. Holdings rejoin that there is no requirement that the Notice of Private Sale be written in Spanish.

Pursuant to the County's LAP:

> Equal access to the courts is fundamental to the legitimacy of our system of justice and the trust and confidence of Pennsylvanians in our courts. Language services for individuals who are limited English proficient (LEP) or are deaf or hard of hearing are essential to ensure that they are able to fully participate in judicial proceedings and court services, programs, and activities in which their rights and interests are at stake. Without these services, they are effectively denied the protection of our laws. Moreover, the courts themselves have an independent interest in ensuring the integrity of communications with LEP and deaf or hard of hearing court users so that the fact[-]finder can hear evidence accurately and deliver justice fairly.

County's LAP at 1.[7] "Language access requirements **apply** not only **to judicial proceedings**, but also to a wide range of services, programs, **and activities outside**

---

[6] To the extent the Bureau was required to comply with Section 602 of the RETSL, because the trial court found that Appellant signed the green return receipt card, Appellant had actual notice of the private tax sale. *See Donofrio v. Northampton Cnty. Tax Claim Bureau*, 811 A.2d 1120 (Pa. Cmwlth. 2002); *see also Sabbeth v. Tax Claim Bureau of Fulton Cnty.*, 714 A.2d 514 (Pa. Cmwlth. 1998). Accordingly, strict compliance with the notice requirements of Section 602 of the RETSL was not required. *See Consolidated Reports*.

[7] https://cms8.revize.com/revize/schuylkillcountypa/Document_Center/Departments/Courts%20& %20Legal/Administrator/LAP%202021%20Revision.pdf (last visited Oct. 5, 2023).

**the courtroom that are administered under the authority of the court**, i.e., **provided by or contracted for by the court**." *Id*. at 5 (emphasis added). Because the LAP only applies to judicial proceedings and activities administered under the authority of the court, and tax sale notices are not administered under the authority of the court, the County's LAP does not apply to the Bureau.

Further, in *Carmenates*, this Court held that a licensee's search of his vehicle was not voluntary because the licensee spoke Spanish and

> despite [the trooper's] knowledge that the translations provided by Google Translate were not always accurate, he chose not to provide Carmenates with a copy of the Pennsylvania State Police Spanish-language consent to search form that he kept in his patrol vehicle and instead orally requested Carmenates' consent. To obtain Carmenates' consent, [the trooper] chose to use the less precise word "see" rather than a more precise term such as "search," "examine," or "look inside," thereby imbuing the request for consent with inherent, yet avoidable, ambiguity. Furthermore, [the trooper] acknowledged the substantial language barrier towards the end of the encounter by ceasing to communicate with Carmenates verbally, and, instead, merely pointing and gesturing at the items that [the trooper] wanted to search. Given these facts, the trial court reasonably concluded that there was a "substantial language barrier" between Carmenates and [the trooper] that precluded Carmenates from fully comprehending [the trooper's] questions and statements and from providing a valid consent to search.

*Id*. at 1125. Here, there was no person-to-person conversation between the Bureau and Appellant, the Bureau had no reason to believe that Appellant did not speak English, and most importantly, Appellant asserts she did not see the Notices of Private Sale, i.e., either sent to her or published in the newspaper and the legal journal. Thus, *Carmenates* is inapposite. Because there is no requirement for the Notice of Private Sale to be written in Spanish, and Appellant did not prove she had been prejudiced because she cannot read or speak English and the relevant writings

in this case were only in English, the Bureau complied with the private tax sale requirements by issuing the Notices of Private Sale in English.

Lastly, Appellant argues that the trial court should have granted the Petition because she purchased the Property for a significant amount of money and was not aware that she was responsible to pay the taxes. Appellant asserts that she received and paid a $691.41 tax bill from the Saint Clair School District. Appellant proclaims that because she paid for the Property and the taxes, but never received a Notice of Private Sale, the trial court should have granted the Petition.

Appellant testified that the seller's notary handled the entire sales transaction, *see* R.R. at 69-70, she signed the Deed reflecting that she only paid $1,000.00 for the Property because the notary told her to do so, *see* R.R. at 72, and she did not conduct a title search because she did not know what that was. *See* R.R. at 73-74. While this Court is sympathetic to Appellant's circumstances, the fact that she purchased the Property without knowing there were delinquent taxes did not give the trial court authority to grant her Petition. Rather, because the Bureau complied with the required private tax sale notices, the trial court properly denied and dismissed the Petition.

For all of the above reasons, the trial court's order is affirmed.


_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Felicia Franco Severino,        :
                Appellant    :
                           :
          v.              :
                           :
J.P. Holdings, LLC and       :
Schuylkill County Tax        :   No. 889 C.D. 2022
Claim Bureau             :

## O R D E R

AND NOW, this 6th day of October, 2023, the Schuylkill County Common Pleas Court's July 20, 2022 order is affirmed.


_____
ANNE E. COVEY, Judge