**Brian Scott McKELVEY**

v.

**WESTMORELAND COUNTY TAX CLAIM BUREAU, and Brian K. Carey and Jack E. Herbert**

**Appeal of: Brian K. Carey and Jack E. Herbert.**

Commonwealth Court of Pennsylvania.

Argued Oct. 13, 2009.

Decided Oct. 30, 2009.

Reargument Denied En Banc Dec. 23, 2009.

reasons set forth in footnote 3 of the lead

David J. Flower, Somerset, for appellants.

Aaron M. Kress, New Kensington, for appellee, Brian Scott McKelvey.

BEFORE: SIMPSON, Judge, FRIEDMAN, Senior Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Brian K. Carey and Jack E. Herbert (together, Appellants) appeal from the November 19, 2008, order of the Court of Common Pleas of Westmoreland County (trial court) denying their motion for post-trial relief from the trial court's August 27, 2008, order invalidating a tax sale. We affirm.

Brian Scott McKelvey (Owner) was the record owner of property located at 1600 McKelvey Road, Ligonier Township, Westmoreland County, Pennsylvania, comprising 170 acres of land, a brick dwelling, a barn and other outbuildings (Property). Owner, who is 52 years old, has always lived on the Property and took title to it in 1986. In 2006, the 2005 realty taxes against the Property were returned to the Westmoreland County Tax Claim Bureau (Bureau) for collection. The Bureau sent a Notice of Return and Claim to Owner by certified mail, and Owner signed the return receipt card on April 28, 2006. Because the taxes remained unpaid, the Bureau sent Owner a Notice of Public Sale, also by certified mail, and Owner signed the return receipt card on May 30, 2007. The sheriff's office posted the Property on July 10, 2007, in the yard near the house. At that time, the deputy sheriff also at-

opinion.

tempted to personally serve Owner with notice of the public sale by knocking on his door; when there was no response, the deputy sheriff left and took the notice with him. The sale proceeded as scheduled and, on September 10, 2007, Appellants purchased the Property for $135,025. Owner did not file exceptions to the tax sale, and the Bureau conveyed the Property to Appellants by deed recorded December 17, 2007.

■ On January 3, 2008, Owner filed a complaint in equity, asserting that the tax sale should be set aside because the Bureau failed to provide him personal service of notice of the sale or, alternatively, request the court's permission to waive the requirement of personal service, as required by section 601(a)(3) of the Real Estate Tax Sale Law (Law), Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. § 5860.601(a)(3).[1]

Section 601(a)(3) of the Law states as follows:

> No owner-occupied property may be sold unless the bureau has given the owner occupant written notice of such sale at least ten (10) days prior to the date of actual sale by personal service by the sheriff or his deputy. . . . The sheriff or his deputy shall make a return of service to the bureau . . . and attach a copy of the notice which was served. If such personal notice cannot be served within twenty-five (25) days of the request by the bureau to make such personal service, the bureau may petition the court of common pleas to waive the requirement of personal notice for good cause shown. Personal service of notice

on one of the owners shall be deemed personal service on all owners.

72 P.S. § 5860.601(a)(3).

Appellants filed an answer and new matter averring that the lack of personal service should be deemed to be of no legal consequence because Owner had actual knowledge of the tax sale. Owner filed a reply, admitting that he received notices of the delinquency and tax sale from the Bureau, that a Sale Notice was properly posted on the Property and that he would have been personally served with the same notice had he been home when the deputy sheriff posted the Sale Notice and attempted personal service.

The trial court conducted a non-jury trial. The Bureau's evidence showed that it had sent notices to Owner by certified mail. The Bureau also established that the deputy sheriff posted the Property and unsuccessfully attempted to personally serve Owner. The Bureau stipulated that it did not subsequently petition the trial court for an order waiving the personal service requirement.

Owner testified that he has been paying taxes on the Property since 1986. He acknowledged that he received the notices from the Bureau informing him that his taxes were delinquent and that the Property would be sold at a tax sale on September 10, 2007, at 10:00 a.m., in the courthouse. Owner also testified that he saw the Sale Notice posted on the Property and read and understood it. He conceded that, although he knew that the Property would be subject to sale in September 2007 if he did not pay the taxes, he did not try to make any payment arrangements. Owner confirmed the testimony of Bureau director Yvonne Hayes that, since 1996, he

---

[1] A person challenging the notice of a tax sale has the right to file a petition to set aside the tax sale under section 607 of the Law, 72 P.S. § 5860.607, or to file a complaint and proceed in equity. *Piper v. Tax Claim Bureau of Westmoreland County,* 910 A.2d 162 (Pa. Cmwlth.2006).

typically was late paying taxes, he had received similar notices from the Bureau in the past, and he had paid his taxes in September of nearly each year to remove the Property from the tax sale list.

The trial court concluded that the Bureau's failure to comply with the personal service requirements of section 601(a)(3) of the Law rendered the sale invalid, rejecting Appellants' argument that the sale should be upheld based on Owners' actual notice. Accordingly, by order dated August 27, 2008, the trial court set aside the tax sale.

Thereafter, Appellants filed a motion for post-trial relief, citing *Cruder v. Westmoreland County Tax Claim Bureau*, 861 A.2d 411 (Pa.Cmwlth.2004), *appeal denied*, 582 Pa. 703, 871 A.2d 193 (2005); *Sabbeth v. Tax Claim Bureau of Fulton County*, 714 A.2d 514 (Pa.Cmwlth.1998); *In re: Return of McKean County Tax Claim Bureau*, 701 A.2d 283 (Pa.Cmwlth.1997); and *In re Tax Claim Bureau of Lehigh County 1981 Upset Tax Sale Properties*, 96 Pa.Cmwlth. 452, 507 A.2d 1294 (1986) (*Haas*), *appeals denied*, 514 Pa. 640, 523 A.2d 346 (1987), in support of their argument that the sale should be upheld based on Owner's actual notice. By order dated November 19, 2008, the trial court denied Appellants' motion. Recognizing that our appellate courts have not addressed the issue of actual notice to an owner occupant, the trial court relied on the common pleas court's decision in *Eathorne v. Westmoreland County Tax Claim Bureau*, (Westmoreland County, No. 6607 of 2001,

filed December 30, 2002), *affirmed in part and reversed in part*, 845 A.2d 912 (Pa. Cmwlth.2004).[2]

■ On appeal to this court, Appellants continue their argument that Owner's actual knowledge of the tax sale renders the requirement of section 601 that notice be made by personal service unnecessary. We have held that a tax claim bureau's failure to satisfy the statutory notice requirements of *section 602* of the Law, 72 P.S. 5860.602, does not invalidate a tax sale where the property owner's actual notice obviated due process concerns. *See, e.g., In Re: Return of McKean County Tax Claim Bureau; Casaday v. Clearfield County Tax Claim Bureau*, 156 Pa. Cmwlth. 317, 627 A.2d 257 (1993); and *Haas* (each holding that where a property owner had actual notice of the tax sale, the lack of formal adherence to statutory notice requirements did not render the tax sale invalid).

Appellants argue that the trial court's conclusion exalts form over substance because the Notice of Sale that was to be personally served on Owner was the same Notice of Sale that was posted on the Property, and that notice was seen and understood. Appellants recognize that the legislative intent underlying section 601 is to protect owners who live on their property from losing their homes without receiving actual notice of a pending tax sale. Appellants argue that because the purpose behind sections 601 and 602 of the Law is the same—to provide advance notice of a sale of property for unpaid taxes—an owner's actual notice should eliminate the need

**2.** In *Eathorne*, the common pleas court held a tax claim bureau's failure to provide personal service to an owner occupant, absent an order waiving that requirement, divests a tax claim bureau of authority to sell the owner's property. The purchaser appealed to our court, and the property owner argued that the trial court correctly invalidated the tax sale

based on a lack of proper notice. Alternatively, the owner argued that the sale was invalid because the bureau failed to give her adequate notice that an agreement to stay the tax sale was null and void. This court addressed only the latter argument and affirmed on that basis.

for strict compliance with the notice provisions of both sections.

However, we concur with the reasoning employed by the trial court. The plain language of section 601(a)(3) unequivocally commands that "no owner occupied property may be sold" unless the owner occupant has received personal service of notice. The provision sets forth only one exception, an order waiving the personal service requirement for good cause shown. The distinction between section 601, requiring personal service of notice to owner occupiers, and section 602, requiring notice by certified mail to all property owners, indicates that the legislature recognized a distinction between an owner who stands to lose his property and one who stands to lose his home as well. By enacting section 601, the legislature expressed a desire to provide a qualitatively different type of notice to an owner occupant and afford such owner increased protection by way of additional notice. We conclude that the plain language of section 601(a)(3) and the inclusion of that notice provision in section 601 (date of sale), rather than with the other notice requirements set forth in section 602 (notice of sale), constitutes evidence of the General Assembly's intent to create a substantive prohibition to proceeding with a tax sale of property belonging to an owner occupier.

In this case, Owner was not personally served with written notice of the tax sale, and the Bureau did not obtain a waiver from this statutory requirement. Under these circumstances, the trial court correctly concluded that the tax sale was invalid pursuant to section 601 of the Law.

Accordingly, we affirm.

### ORDER

AND NOW, this 30th day of October, 2009, the order of the Court of Common Pleas of Westmoreland County, dated November 19, 2008, is hereby affirmed.