IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Amanda Johnson, :
                   Appellant : No.  266 C.D. 2022
                                   : Submitted: July 14, 2023
              v. :
                                            :
Greene County Tax Claim Bureau :
and Heather Gilbert :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                    HONORABLE ELLEN CEISLER, Judge
                    HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                             FILED:  January 16, 2024

Amanda Johnson (Objector) appeals from the March 10, 2022 order of the Court of Common Pleas of Greene County (trial court) denying her objections to the Greene County Tax Claim Bureau's (the Bureau) sale of her property to Heather Gilbert (Purchaser) at a public tax sale.  On appeal, Objector argues the trial court erred in determining the Bureau: (1) complied with the notice provisions of the Real Estate Tax Sale Law[1] (Tax Sale Law) and (2) established good cause to waive personal service.  Upon review, we affirm.

---

[1]  Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101 - 5860.803.

# I.     Background

The underlying facts are not in dispute in this matter.  Therefore, we begin by accepting the trial court's factual background, which is based in large part on the parties' stipulations:

> [Objector] acquired . . . Tax Parcel No. 07-11-114 in Franklin Township, Greene County [(the Property)] by deed dated October 17, 2012.  For the 2019 and 2020 tax years, [Objector] failed to pay her taxes.  The amount of back taxes owed was $7,771.98 at the time of sale. On April 6, 2020, a certified letter was sent by the [Bureau] stating the amount of back tax due . . . with delivery on April 11, 2020 marked "COVID."  As the taxes remained unpaid, the first notice of Public Sale scheduled for September 15, 2021[,] was sent on May 4, 2021[,] by certified mail and remained unclaimed.  Two unsuccessful attempts of personal service were made by [the Bureau], through [its] agent, on [Friday] June 11, 2021[,] and [Saturday] June 12, 2021.  On June 11, notice of the Upset Sale was posted on the [P]roperty.  Publication of the sale was advertised . . . on July 29, 2021[,] and . . . July 30, 2021.
>
> On August 25, 2021, a ten-day notice was mailed and not returned to [the Bureau].  On September 8th, [the  Bureau] petitioned the Court for waiver of personal service upon good cause shown.  An Order for waiver of personal service was entered on September 8th, 2021[,] by [trial court] Judge Carpenter [(Judge Carpenter)].
>
> The [P]roperty was sold on September 15, 2021[,] for $7,771.84.  On September 17th, notice that the [P]roperty was sold was sent via certified mail but went unclaimed.  Subsequently, a confirmation nisi and a decree absolute were entered by the [trial court].  [The Bureau] conveyed the [P]roperty via deed to [Purchaser].  On December 15, 2021, [Objector] filed an Exception and Objection to Sale.

Trial Ct. Order and Opinion, 3/10/22, at 1-3.

When the Bureau filed its Petition to Waive Personal Service (the Petition), the Bureau's factual averments relating to its attempts to personally serve Objector stated:

2

4. Those owner-occupied properties described in Exhibit A are ones for which the [Bureau's] serving agent attempted personal service on the owners thereof, but after good faith efforts failed to locate said owners, and therefore notices were posted on the premises.

5. The failure of personal service on the owners of said properties for the good cause shown gives [the trial c]ourt the power to waive the requirements of personal notice, and to permit the properties to be included in the scheduled sale. *See* [Section 601(3) of the Tax Sale Law,] 72 P.S. [§] 5860.601(3).

Reproduced Record (R.R.) at 2a. Exhibit A to the Petition is a spreadsheet listing 39 different properties. *Id.* at 5a. With respect to the Property, Exhibit A listed two property numbers, "Amanda G Johnson" as the "Tax Payer," "6/11/2021" as the "Date," "2:23:00 PM" as the "Time," and "No Contact" as the "Outcome." *Id.* On the same day the Bureau filed the Petition, Judge Carpenter signed an order waiving the Bureau's obligation to personally serve Objector "for good cause shown." R.R. at 6a.

After the tax sale, Objector filed her "Objection to Tax Sale" (the Objections), requesting the trial court to strike the sale of the Property because the Bureau did not provide her with proper notice under the Tax Sale Law. R.R. at 10a-11a. The trial court held a hearing on the Objections. At the hearing, the Bureau's Director testified that its process server attempted to personally serve Objector on two occasions, once on a Friday afternoon and once on a Saturday morning. *Id.* at 197a, 214a-15a. The Bureau's Director also explained that Objector called the tax claim office on July 22, 2021, and was aware that she needed to pay the 2019 taxes to avoid the Property being sold at a tax sale. *Id.* at 217a. Objector testified at the hearing, admitting she saw the posting on the Property, but alleging the Bureau informed her over the phone that the posting was for a trailer on her property rather than for the Property itself. *Id.* at 221a.

3

In denying Objector's requested relief, the trial court found Objector's testimony about her July 2021 phone call with the Bureau was not credible and determined Objector received actual notice of the tax sale because she admitted to seeing the physical posting. Trial Ct. Order and Opinion, 3/10/22, at 5-6, 7. As a result, the trial court determined the Bureau was not obligated to strictly comply with the notice requirements of Section 602 of the Tax Sale Law, 72 P.S. § 5860.602 (Section 602).[2] *Id.* at 6 (citing *In re Consol. Reports and Returns by the Tax Claims Bureau of Northumberland Cnty. of Props.*, 132 A.3d 637 (Pa. Cmwlth. 2016) (*en banc*) (hereinafter, "*Appeal of Neff* ")). The trial court also determined the Bureau had shown good cause for the trial court to waive personal service under Section 601(a)(3) of the Tax Sale Law, 72 P.S. § 5860.601(a)(3) (Section 601(a)(3)).[3] *Id.*

---

[2]  Section 602 requires the Bureau to provide a property owner with service by publication, posting, and mail before an upset tax sale. *See* 72 P.S. § 5860.602. Regarding publication, Section 602(a) requires the Bureau to publish notice in two newspapers of general circulation and one legal journal, "if any [are] designated by the court for the publication of legal notices" at least 30 days before the scheduled sale. 72 P.S. § 5860.602(a). Section 602(e)(3) requires the Bureau to post the property at least 10 days before the sale, "in a manner that is 'reasonable and likely to inform the taxpayer, as well as the public at large, of an intended real property sale.'" *In re Consol. Reports and Returns by the Tax Claims Bureau of Northumberland Cnty. of Props.*, 132 A.3d 637, 645 n.13 (Pa. Cmwlth. 2016) (citation omitted); 72 P.S. § 5860.602(e)(3). Finally, Section 602(e)(1) requires the Bureau to send notice to each owner by "certified mail, restricted delivery, return receipt requested, postage prepaid" at least 30 days before the sale. 72 P.S. § 5860.602(e)(1). If the Bureau does not receive a return receipt from its certified mailing for each owner, then "similar notice of the sale shall be given to each owner who failed to acknowledge the first notice by United States first class mail, proof of mailing, at his last known post office address" at least 10 days before the sale. *Id.*

[3]  Section 601(a)(3) provides:

> **No owner-occupied property may be sold unless the bureau has given the owner occupant written notice of such sale at least ten (10) days prior to the date of actual sale by personal service** by the sheriff or his deputy or person deputized by the sheriff for this purpose unless the county commissioners, by resolution, appoint a person or persons to make all personal services required by this clause. The sheriff or his deputy shall make a return of service to the bureau,

**(Footnote continued on next page…)**

4

Objector appealed from the trial court's order. On appeal, Objector argues the trial court erred in determining the Bureau provided her with proper notice under Section 602. *See* Appellant's Br. at 8. In addition, Objector argues the trial court erred in determining the Bureau established good cause to justify its request to waive Section 601(a)(3)'s personal service requirements. *Id.* at 8-10.

## II. Analysis

Our review in tax sale cases is limited to determining whether the trial court abused its discretion or erred at law. *See Rice v. Compro Distrib., Inc.*, 901 A.2d 570, 574 (Pa. Cmwlth. 2006). When specifically reviewing a trial court's decision to grant a tax claim bureau's request to waive personal service, "we focus our inquiry on whether the trial court abused its discretion." *Appeal of Neff*, 132 A.3d at 650. In considering whether a trial court abused its discretion, this Court looks to whether the trial court engaged in "a manifestly unreasonable exercise in judgment[] or [rendered] a final result that evidences partiality, prejudice, bias, or ill-will." *Allegheny Cnty. v. Golf Resort, Inc.*, 974 A.2d 1242, 1245 (Pa. Cmwlth. 2009) (citation omitted).

We begin by rejecting Objector's argument the trial court erred in determining the Bureau satisfied Section 602's service requirements because the Bureau did not serve her by certified mail. *See* Objector's Br. at 8. While a tax sale is typically

---

or the persons appointed by the county commissioners in lieu of the sheriff or his deputy shall file with the bureau written proof of service, setting forth the name of the person served, the date and time and place of service, and attach a copy of the notice which was served. **If such personal notice cannot be served within twenty-five (25) days of the request by the bureau to make such personal service, the bureau may petition the court of common pleas to waive the requirement of personal notice for good cause shown.** Personal service of notice on one of the owners shall be deemed personal service on all owners.

72 P.S. § 5860.601(a)(3) (emphasis added).

void in the face of defective service, this Court has determined that "strict compliance with the notice requirements of Section 602 is not required when the [b]ureau proves that a property owner received actual notice of a pending tax sale." *Appeal of Neff*, 132 A.3d at 645 (citing *Sabbeth v. Tax Claim Bureau of Fulton Cnty.*, 714 A.2d 514, 517 (Pa. Cmwlth. 1998)). The trial court determined Objector had actual notice of the tax sale because Objector admitted to seeing the physical posting on the Property. Because Objector received actual notice, the Bureau was not required to show it satisfied Section 602's certified mailing requirement. *See id.*

Next, we turn to Objector's argument the trial court erred in determining the Bureau established good cause to waive Section 601(a)(3)'s personal service requirement. Unlike Section 602, "actual notice of the tax sale does not waive strict compliance with the personal service requirements of Section 601(a)(3)." *Appeal of Neff*, 132 A.3d at 646 (citing *McKelvey v. Westmoreland Cnty. Tax Claim Bureau*, 983 A.2d 1271, 1274 (Pa. Cmwlth. 2009)). In *Famageltto v. County of Erie Tax Claim Bureau*, 133 A.3d 337 (Pa. Cmwlth. 2016), this Court explained Section 601(a)(3)'s purpose, as follows:

> Section 601(a)(3) demonstrates the General Assembly's "heightened concern for owner occupants being divested of the very property in which they are residing." *Matter of Tax Sales by Tax Claim Bureau of Dauphin County*, 651 A.2d 1157, 1159 (Pa. Cmwlth. 1994). We have said that, "[b]y enacting [S]ection 601[(a)(3)], the [General Assembly] expressed a desire to provide a qualitatively different type of notice to an owner[-]occupant and afford such owner with increased protection by way of additional notice." *McKelvey*[, 983 A.2d at 1274]. Yet, the General Assembly understood that, in certain circumstances, tax claim bureaus should not be required to incur the high costs associated with ensuring that notice was received by each owner-occupant personally and included a provision within Section 601(a)(3) of the [Tax Sale] Law allowing the personal service of notice requirement to be waived for "good cause shown." The General Assembly decided to place a burden on the taxing bureaus to provide justification for a waiver and to give

6

trial courts the task of balancing the goal of providing heightened notice to owner-occupants against the taxing bureaus' obligations to collect property taxes. *See* [*Appeal of Neff*], 132 A.3d [at] 650 . . . .

*Famageltto*, 133 A.3d at 346-47.

In *Famageltto*, a trial court judge reviewed a tax claim bureau's waiver petition, which requested a waiver of personal service of notice for approximately 1,700 property owners. *Id.* at 347-48. The waiver petition included "an averment that the process server 'made a good faith attempt to make personal service on the owner-occupiers' and that '[a]ll other requirements of notice . . . have been accomplished.'" *Id.* at 348 (citation omitted). Based upon those averments, the trial court judge made an initial determination that the tax claim bureau had good cause to waive personal service. *Id.* Upon review, we noted:

> [A] presumption of regularity . . . attaches to all official acts [of the tax claim bureau]. *See Hughes v. Chaplin*, . . . 132 A.2d 200, 202 ([Pa.] 1957) (stating that "a *prima facie* presumption of the regularity of the acts of public officers exists until the contrary appears . . . . In tax sales it is particularly suitable" (internal quotations omitted). Based on the evidence presented to [the trial court judge], and given the presumption of regularity that attaches to the [b]ureau's activities, we cannot say that the [w]aiver [p]etition was facially defective or that [the trial court judge] abused his discretion in finding that the [b]ureau showed good cause for receiving the waiver of personal service of notice at that time. However, this proceeding was necessarily one-sided because the property owners had not been found or become part of the process.
>
> It was only later in the statutory tax sale process that [the a]ppellants could become involved. . . . [The a]ppellants filed exceptions, and their challenge rebuts the presumption of regularity of the [b]ureau's activities. [The a]ppellants' exceptions are resolved through a confrontational process where the burden is initially on the [b]ureau to show that it strictly complied with the notice requirements of the [Tax Sale] Law. [*In re Tax Sale of Real Property Situated in*] *Jefferson Township*, 828 A.2d [475,] 478–79 [(Pa. Cmwlth. 2003)]. It is not until this point, in the context of the adversarial proceeding, that evidence can be presented and tested, that a determination as to whether there

7

was in fact good cause to waive the personal service of notice requirement for that property should be made, at the same time all the other notice requirements are tested.

Allowing review at this hearing effectuates the legislative intent of the personal service of notice requirement for owner-occupied properties . . . . Upon receipt of a petition to waive the personal service of notice requirement of Section 601(a)(3), the trial judge may exercise discretion and find that good cause was shown sufficient to permit the waiver of personal service of notice without further, and often unnecessary, costs to tax claim bureaus and the courts. For example, in this case, the petition included 1,700 properties. However, once a property owner challenges the tax sale, and tax claim bureaus are required to meet the burden of proving that compliance with the notice requirements of the [Tax Sale] Law in an adversarial proceeding, there is opportunity to test whether the heightened requirements for notice to owner-occupants were in fact met. Thus, the legislative intent to provide additional protections for owner-occupants is fulfilled in a cost-effective manner, which enables a full hearing and determination on the evidence at the time when a judge can be presented with all of the evidence. Because this second judge can be presented with additional and different evidence from both parties regarding the tax claim bureau's efforts to comply with the [Tax Sale] Law's personal service of notice requirement, the second judge is not deciding the same questions as the first judge . . . .

*Famageltto*, 133 A.3d at 348-49.

The Petition alleged the Bureau made good faith efforts to personally serve Objector and posted the Property. Because the Bureau's actions are cloaked in a presumption of regularity, we cannot say the Petition was facially defective. *See Famageltto*, 133 A.3d at 348. Therefore, we must determine whether the evidence the Bureau presented at the hearing on the Objections was sufficient to establish good cause to waive personal service under Section 601(a)(3). *See id.* at 348-89.

In *Appeal of Neff*, this Court noted that while "good cause shown" is not defined in the Tax Sale Law, Pennsylvania courts have defined it to require a "substantial reason, one that affords a legal excuse." *Appeal of Neff*, 132 A.3d at 650

(citation omitted). We also explained that what constitutes good cause shown will depend on the particular facts and circumstances in each case. *Id.* at 649-50. Finally, we noted "'the determination of whether good cause has been demonstrated is trusted to the trial court's sound discretion.'" *Id.* at 650 (citation omitted).

In *Appeal of Neff*, a tax claim bureau petitioned for a waiver of Section 601(a)(3)'s personal service requirements. In the tax claim bureau's petition, it averred that it attempted personal service "on three different days at three different times of the day and that it satisfied the other notice requirements of Section 602 [i.e., publication, posting and certified mail] of the [Tax Sale] Law." *Id.* at 651. In addition, the tax claim bureau attached an exhibit that listed the dates and times of each of its three service attempts. *Id.* We concluded the trial court did not abuse its discretion in granting the tax claim bureau a waiver of Section 601(a)(3)'s personal service requirement, opining:

> The trial court, cognizant that someone's home was at stake, that the purpose of the [Tax Sale] Law is to protect local governments from persistent tax delinquents, [and] that the [local tax claim bureau] attested to the fact that it satisfied the notice requirements of Section 602 of the [Tax Sale] Law, and attempted personal service three times at three different times of the day, utilized its discretion to determine that personal service of notice should be waived.

*Id.*

While we determined in *Appeal of Neff* that "actual notice of the tax sale does not waive strict compliance with the personal service requirements of Section 601(a)(3)," a trial court can consider the steps a tax claim bureau took to satisfy the service requirements of Section 602 and Section 601(a)(3) in determining whether a tax claim bureau established good cause to waive personal service under Section 601(a)(3). *See Appeal of Neff*, 132 A.3d at 646, 651 (considering the tax claim

9

bureau's attempts at personal service and its satisfaction of the notice requirements of Section 602 in determining whether good cause existed to waive personal service).

Here, the Bureau established it attempted personal service on two occasions, once during the work week and once during the weekend, at different times of day. The Bureau also established it published notice of the tax sale and attempted to serve Objector through the mail on numerous occasions. In addition, the Bureau established it posted the Property and Objector had actual notice of the tax sale by virtue of seeing the posting. Under these circumstances, we cannot hold the trial court abused its discretion in determining the Bureau established good cause to waive personal service.

### III. Conclusion

For the reasons set forth above, we affirm the trial court's order.

_____
STACY WALLACE, Judge

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Amanda Johnson,          :
             Appellant   : No.  266 C.D. 2022
                            :
          v.                 :
                            :
Greene County Tax Claim Bureau   :
and Heather Gilbert          :


# **O R D E R**


     **AND NOW**, this 16th day of January 2024, the March 10, 2022 order of the Court of Common Pleas of Greene County is **AFFIRMED**.


                                  _____
                                  STACY WALLACE, Judge